**In the Matter of Floyd D. EATON, t/a Triangle Logging, Debtor.**

**Bankruptcy No. B–79–01646 C–13.**

United States Bankruptcy Court, M. D. North Carolina.

Dec. 6, 1979.

John C. Wainio, Durham, N. C., for debtor.

Richard M. Hutson, II, Durham, N. C., for trustee.

MEMORANDUM OPINION AND ORDER

RUFUS W. REYNOLDS, Bankruptcy Judge.

This case involves a self-employed debtor engaged in business who was filed under Chapter 13 of the new Bankruptcy Code. Pursuant to Section 1302(e)(1) of the new Bankruptcy Code and by Order of this Court, the Standing Trustee in this District is required to deduct 9% of the receipts in a pay-in under an approved Chapter 13 plan. This 9% deduction covers office expenses and compensation of the Standing Trustee.

Here, the debtor is to pay $6,000 a month to the Standing Trustee for forty months which would make a total pay-in of $240,000. The final payment would be adjusted to satisfy all creditors in full. With the 9% deduction rate which the Standing Trustee operates under, the total deduction allowable is excessive on its face and raises a question as to the "adjusted" cost which a Standing Trustee may charge an estate of a self-employed debtor engaged in business.

The Standing Trustee in this District receives in excess of a million dollars per year on wage earner plans. The average wage earner case under the old Bankruptcy Act averaged about $250 per month pay-in to the Standing Trustee with an average of about two security holders and ten or fifteen general creditors. In a typical wage earner case, the Standing Trustee would receive 9% of $250 which would amount to $22.50 per month.

In this case, the debtor business has two major security holders and about fifteen or twenty unsecured creditors. Other than the debt to the two secured creditors, (security interest in heavy equipment), this would be a typical wage earner case. But, based on the $6,000 monthly payment in this case, the Standing Trustee would be receiving $540 each month for expenses and compensation under the 9% deduction rate. This charge for services would be many times greater than that charged for comparable services rendered in the average wage earner case. In fact, it would be unconscionable to allow such a charge.

In attempting to solve this problem, a legal question arises as to whether the Court can vary the charges in business cases under the new Bankruptcy Code. Section 1302(e)(1), which outlines the maximum percentage fee chargeable by a Standing Trustee, is unclear and should be construed in light of the procedure heretofore used under the old Chapter XIII cases. This new Section under the Code appears to have the following limitations:

1. the maximum percentage to be taken and charged in each case is 10% of the receipts;

2. the Standing Trustee cannot be paid more than the grade of a GS–16 annual salary and not more than 5% of the funds paid in; and

3. any unspent funds from the percentage charged remaining at the end of the year cannot be retained by the Standing Trustee but must be turned in to the Treasurer of the United States.

There appears to be nothing in the new Code to prevent the Court from making some equitable adjustment of service charges for business cases under Chapter 13. This could be done on a fair and equitable standard for services performed by the Standing Trustee as long as there is not a charge in excess of the 10% of receipts. This differential could be made in the percentage deduction rate itself, or by applying the regular percentage deduction rate only to a portion of the monies received, not to exceed a ceiling set by the Code and the Court. It appears that each business case must be considered in light of the particular circumstances of that case as to the amount of services which the Standing Trustee is going to be called upon to perform, as compared to the cost of services in other similar cases. The deduction for costs would then be limited accordingly. This can be done very easily in the Order of Confirmation and adjusted later if necessary.

An alternative to adjustment in costs, would be for the debtor to file a plan in which the secured debts would be paid directly to the security holder as part of a cost of operation and therefore avoid a percentage charge of the funds paid into Standing Trustee. This "by-pass" payment to security holders is not usually satisfactory and certainly not welcomed by the Standing Trustee.

Since this self-employed business case may require more time than an average wage earner case, it appears that 9% on the first $600 paid in each month by the debtor would be fair and reasonable under the circumstances as compared to other Chapter 13 cases requiring similar service.

Wherefore, it is

ORDERED that the costs in this case, to be collected by the Standing Trustee, be fixed at his regular percentage of 9% to be calculated on only the first $600 per month of the receipts as paid to the Standing Trustee by the debtor. This cost is subject to further Order of the Court as circumstances may change.