In re Delores Elizabeth GLASPER, a/k/a Mrs. Wilford Glasper, Debtor.

Max GREENSPAN and Sylvia Greenspan, Appellants,

v.

Elsie DAVIS, Trustee in Bankruptcy, and Delores Elizabeth Glasper, a/k/a Mrs. Wilford Glasper, Appellees.

In re Virginia WILLIAMS, Debtor.

INVESTOR'S NATIONAL SECURITY CO., Appellant,

v.

Elsie DAVIS, Trustee in Bankruptcy, and Virginia Williams, Appellees.

BAP Nos. CC-81-1297-GHV, CC-81-1352-GHV.

Bankruptcy No. LA 81-08582-JD.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 15, 1982.

Decided Feb. 11, 1983.

Leon L. Vickman, A Law Corp., Encino, Cal., for appellants.

J. Sheldon Capeloto, Slate & Leoni, Los Angeles, Cal., for appellees.

Before GEORGE, HUGHES, and VOLINN, Bankruptcy Judges.

OPINION

GEORGE, Bankruptcy Judge:

Consolidated in this appeal are two Chapter 13 cases in which the bankruptcy court confirmed plans calling for the current payment of secured creditors outside the plan and the payment of arrearages on those secured debts through the plan. We find this bifurcation of payments to secured creditors to be impermissible under Chapter 13.

VACATED and REMANDED.

## I. BACKGROUND

There is no factual dispute in this appeal. Each of the debtors has proposed to pay the arrearages owing one or more secured creditors by installments made through their respective Chapter 13 plans. Current payments on these secured debts, however, are not addressed in the debtors' plans. Instead, it is clear that the debtors intend to make their current payments outside the provisions of their plans. In each case, one of the secured creditors so treated has objected to confirmation. The bankruptcy court, nevertheless, confirmed each plan as filed and the objecting creditors have filed the instant appeals.

## II. ANALYSIS OF THE FACTS AND THE LAW

Before attempting to analyze the issues raised by this appeal, we should first note that neither of these debtors' plans simply proposes to permit the debtor to make her own disbursements to secured creditors. Cf. 11 U.S.C. § 1326(b) (West Supp.1982) (permitting disbursements other than

through the Chapter 13 trustee). Rather, each plan omits reference to the current payment of certain secured creditors. Therefore, any payment made to such secured creditors on amounts coming due after the confirmation of each plan would truly be "outside" the provisions of that plan.

In the latter regard, a conflict has arisen among the bankruptcy judges over whether the payment of a fully-secured debt outside a Chapter 13 plan violates the letter of 11 U.S.C. §§ 1322 & 1325 and the spirit of Chapter 13, as a whole. In support of the proposition that such payments should not be permitted, the appellants have referred the panel to the case of In re Foster, 9 B.R. 482, 4 C.B.C.2d 1032, 7 B.C.D. 521 (S.D.Tex. Bkrtcy.1981). See also In re Roe, 14 B.R. 649 (D.Kan.Bkrtcy.1981). In Foster, the bankruptcy court refused to confirm a plan which proposed to make certain post-confirmation payments on secured debts "outside" the plan. After noting that there was no explicit requirement that a Chapter 13 plan affect all of a debtor's secured claims, the Foster court, nevertheless, held that the rehabilitative purpose of Chapter 13 and the supervisory difficulties inherent in handling debts outside a plan militated against the confirmation of such proposals.

Although the practical considerations set forth by the Foster court hold some attraction for the panel, it should be noted that on March 1, 1982, the United States Court of Appeals for the Fifth Circuit vacated the confirmation order in that case. Matter of Foster, 670 F.2d 478 (5th Cir.1982). In so doing, the Fifth Circuit chose to follow the reasoning of that line of bankruptcy court cases which would permit payments to fully-secured creditors entirely outside a Chapter 13 plan. Id. at 488–90. See In re Case, 11 B.R. 843, 4 C.B.C.2d 978 (D.Utah Bkrtcy. 1981) (dicta); In re Hines, 7 B.R. 415, 3 C.B.C.2d 367, 6 B.C.D. 1356 (D.S.D.Bkrtcy. 1980); Matter of Berry, 5 B.R. 515, 2 C.B. C.2d 663, 6 B.C.D. 649 (S.D.Ohio Bkrtcy. 1980). See also 5 L. King, ed., Collier on Bankruptcy ¶ 1325.01[2][E][1][b], at 1325–20 (15th ed. 1982). Nonetheless, the Fifth Circuit went on to make the following qualification:

"Although Chapter 13 may allow some fully secured claims to be treated outside of a plan, a plan may not provide for the making of the current payment on a mortgage claim outside the plan while curing the arrearage on that claim under the plan pursuant to § 1322(b)(5). In Case, supra, at 845, the bankruptcy court stated, in reference to treatment under § 1325(a)(5)(B), that 'for the Court to exercise power over the secured claim in confirming a plan either with the creditor's acceptance or pursuant to the "cram-down" provisions, the secured claim must be provided for in the plan.' So, too, for the arrearage on a mortgage claim to be cured under § 1322(b)(5), the current mortgage payments while the case is pending must be provided for in the plan. 11 U.S.C. § 1322(b)(5) allows the debtor to 'provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending. [Emphasis supplied by court.] Section 1322(b)(5) provides for the curing of any default, then, only when the plan also provides for the maintenance of the current mortgage payments while the case is pending. Conversely, where a fully secured mortgage claim is not treated under the provisions of 1322(b)(5), or any other provision of Chapter 13, payments on that claim need not be made under the plan. Except where a debtor is not in arrears with respect to the mortgage claim, however, it would not seem advantageous to treat the mortgage claim outside the plan by not taking advantage of § 1322(b)(5)."

Matter of Foster, supra, at 489.

At this time, the panel does not feel compelled to agree or disagree with the Fifth Circuit's assessment that fully-secured creditors may be paid outside a Chapter 13 plan in appropriate instances. Neither do we see a need to discuss the issue of disbursement by debtors, reviewed extensively in Foster. That question is not before us. In the case at hand, the debtors are clearly attempting to make only their

current payments to secured creditors without provisions in their respective plans. *Cf. Matter of Foster, supra,* at 485 (debtors argued, on appeal, that they only intended to be disbursing agents under their Chapter 13 plan). We agree with the Fifth Circuit that this bifurcation of a secured debt violates the requirements of 11 U.S.C. § 1322(b)(5). These plans, therefore, should not have been confirmed. 11 U.S.C. § 1325 (a)(1) (West Supp.1982).

## III. CONCLUSION

Under the reasoning set forth above, we must hold that the confirmation of these debtors' plans was in violation of 11 U.S.C. §§ 1322(b)(5) & 1325(a)(1). The orders of the trial court in these cases are, therefore, vacated and these matters are remanded for further proceedings not contrary to the opinion herein.

VACATED and REMANDED.

HUGHES, Bankruptcy Judge, concurring:

I concur in vacating the orders of confirmation. If the plans are amended on remand to provide expressly that the debtors themselves maintain current payments, I take it that any order of confirmation would not be "contrary to the opinion herein."

### I

The consolidated appeals turn on the meaning of this part of 11 U.S.C. § 1322(b):

the plan may—

(5) . . . provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending . . .

Each of the plans before us expressly provides for the trustee to make specified monthly payments to the secured creditor on the arrearages. Glasper's plan "exclude[s]" her "regular monthly house payment" from the plan and states that it is "not provided for by the plan." Williams' plant makes no reference to maintenance of regular monthly payments.

Section 1322(b)(5) is not mandatory ("the plan may") but it would appear that if the plan provides for curing a default it must also provide for the maintenance of regular monthly payments. This was one of the precise holdings of the only court of appeals decision on the issue. *In re Foster,* 670 F.2d 478, 488 (5th Cir.1982). The plans before us provide only for the former payments and are therefore deficient. It is for this limited reason that I vote to vacate the orders of confirmation.

That deficiency may be remedied readily by amending the plans to provide for maintenance of regular payments, whether by the trustee or by the debtors directly to the secured creditors.

### II

Appellants and the intervening trustee in bankruptcy do not attack the order of confirmation on so narrow and technical a basis, however. They would read into section 1322(b)(5) an additional requirement that all payments, whether arrearages or regular, be made by the trustee rather than by the debtor. Thus, appellants argue that such payments "must be included inside the plans," and that the "debtor does not have the option under the Code to make payments directly to the creditor outside the plan."

In other words, appellants' concern is not whether regular payments are provided for in the plans but whether the debtors can bypass the trustee in making them. Their contentions that such payments may only be made by and through the trustee should be rejected.

### A

As the majority notes, a Chapter 13 debtor's plan may provide that "payments to creditors under the plan" be made other than by the trustee. 11 U.S.C. § 1326(b) ["Except as otherwise provided in the plan or in the order confirming plan, the trustee shall make payments to creditors under the plan"]. This includes the debtor himself. *In re Foster,* supra 670 F.2d at 486.

Accordingly, a plan that provides for maintenance of regular payments satisfies section 1322(b)(5) and a plan that directs that payments so provided for be made by the debtor as disbursing agent satisfies section 1326(b).

### B

Appellants in effect contend, however, that the words *provide for* in section 1322(b)(5) are words of art and are not to be given their plain and ordinary meaning. Specifically, they argue, only payments *inside the plan* are *provided for by the plan* and that payments by a debtor directly to a creditor are *outside the plan.*

The Fifth Circuit opinion in *Foster* laid this contention to rest by holding that payments are not outside the plan merely because they are made by the debtor rather than the trustee. Recognizing that *inside-outside the plan* is ambiguous, 670 F.2d at 486, the opinion demonstrated that its usual meaning is whether a plan provides for a debt in the sense of modifying or affecting it. 670 F.2d at 489. Thus a plan providing that a debt (or payments on a debt) is to be paid under a plan is inside the plan. Conversely, a fully secured claim that is not provided for by a plan is outside the plan. The *Foster* opinion itself uses *outside the plan* to mean *not provided for by the plan* and, as stated above, it concluded that the maintenance of regular payments must be provided for by the plan (i.e., inside the plan).

The *Foster* opinion rejects the alternative use of *inside the plan* to mean that the trustee must make payments. To the contrary:

> If the bankruptcy court concludes that the debtor's acting as disbursing agent with respect to the current mortgage payments will not impair the debtor's ability to make all payments under, and to comply with, the plan, *then the court is obligated to confirm the plan.*

670 F.2d at 487 (Emphasis supplied).

I conclude, with the Fifth Circuit, that a plan provides for payments even when it designates the debtor to serve as disbursing agent.

### III

Glasper and Williams intended that they would disburse current payments to the secured creditors, which the trial court was free to approve consistent with the *Foster* standards. However, their plans failed to satisfy the requirement of 11 U.S.C. § 1322(b)(5) in that they did not provide for maintenance of payments under the plans. (To the contrary, Glasper's plan states that such payments are "not provided for by the plan.") For this reason, the plans could not be confirmed and the orders of confirmation must be vacated.

Once the debtors have amended their plans to provide for maintenance of payments by them directly to the secured creditors no legal impediment to confirmation will remain.