**In re Robert E. SAVAGE, Debtor.**

**Bankruptcy No. 8400549.**

United States Bankruptcy Court, D. Rhode Island.

April 2, 1986.

Peter G. Berman, Raskin and Berman, Providence, R.I., for debtor.

Paula Bonnell, Boston, Mass., for U.S. trustee.

Andrew S. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for Chapter 13 trustee.

## ORDER SUSTAINING DEBTOR'S OBJECTION TO THE CHAPTER 13 TRUSTEE'S STATUTORY FEE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtor's objection to the allowance to the trustee of the full statutory fee computed pursuant to 28 U.S.C. § 586(e).

This dispute raises the identical issue recently treated at length by this Court in *In re Sousa*, 46 B.R. 343 (Bankr.D.R.I. 1985)—whether the Court may review the statutory compensation of a standing Chapter 13 trustee operating under the provisions of the United States Trustee Pilot Program, 28 U.S.C. §§ 581–589, and 11 U.S.C. §§ 15101–151326. At a conference held on October 17, 1985, the parties agreed to submit that issue for determination upon memoranda.

After considering the briefs and reply memoranda, and to our personal disappointment, we have not been persuaded to

alter our holding in *Sousa*, and we conclude that in pilot, as well as in nonpilot, jurisdictions, the Bankruptcy Court retains the authority and responsibility to determine the reasonableness of *all* fees, including compensation to the standing Chapter 13 trustee.[1]

Accordingly, the trustee may submit within 10 days of the date of this order, an application detailing the services performed and the results achieved. Thereafter, upon notice, the matter will be scheduled for hearing, and a fee determination will be made, after the Court has considered the positions of the debtor and other interested parties.

---

1. The argument that the debtor has waived his right to object to the trustee's fee is without merit and is rejected. *See* United States Trustee's Memorandum of Law at 12–14.