**In re David A. TARTAGLIA, Debtor.**

**In re John C. PHILLIPS and Laurie Phillips, Debtors.**

**In re Steven W. DOUGHTY and Ann T. Doughty, Debtors.**

**Bankruptcy Nos. 8600073, 8600078 and 8600104.**

United States Bankruptcy Court, D. Rhode Island.

May 16, 1986.

John Rao, Providence, R.I., for David A. Tartaglia.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for John C. Phillips, Laurie Phillips, Steven W. Doughty and Ann T. Doughty.

Andrew S. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

ARTHUR N. VOTOLATO, JR., Bankruptcy Judge.

### DECISION AND ORDER

Heard on March 27, 1986, on the trustee's objection to confirmation. In each of the above-captioned Chapter 13 cases, the debtors propose to cure mortgage arrearages "under the plan," and to make current mortgage payments "outside the plan." The trustee objects to confirmation, arguing that a plan which provides for the curing of a mortgage arrearage must also provide that current mortgage payments be made under the plan, as well.

Because the trustee's position represents a clear departure from the prior practice in this jurisdiction, the plans in question were confirmed conditionally, and we reserved decision on the trustee's objection until the parties were given the opportunity to brief the issue. After considering the arguments, we conclude, to our surprise and considerable embarrassment (having consistently done it the other way for so long) that a Chapter 13 plan which proposes to cure a mortgage arrearage within the plan, may not also provide that current mortgage payments be made outside the plan. We also hold that there is no prohibition against debtors making current mortgage payments, under the plan, directly to the mortgagee, rather than through the stand-

ing trustee. Based upon our rationale, below, we have concluded that the question whether debtors should be authorized to make direct payment to secured creditors is a matter for determination on a case by case basis.

*Bifurcation*

■ At the outset, we emphasize that the debtors here are not simply proposing to make direct payments to certain secured creditors *under the plan*. Instead, the three plans in question specifically provide that ongoing monthly mortgage payments will be made *outside the plan*, while the arrearages on these secured debts are being paid under the plan. Counsel for the debtors have pointed out no judicial or statutory authorization for such an arrangement and, in fact, the Code and relevant case law prohibit the practice. *See* 11 U.S.C. § 1322.[1] *See also Foster v. Heitkamp (In re Foster)*, 670 F.2d 478, 488 (5th Cir.1982) ("a plan cannot provide that the current portion of a mortgage claim will be made 'outside the plan' ... when the arrearages on the mortgage claim are being cured under § 1322(b)(5) ..."); *Greenspan v. Davis (In re Glasper)*, 28 B.R. 6 (B.A.P. 9th Cir. 1983) (bifurcation of payments under plans calling for current payment of secured creditors outside the plan, and payment of arrearages on such secured debts through the plan, is impermissible under Chapter 13); *In re Doherty*, 782 F.2d 1025, slip op. at 4 (1st Cir.1985) ("a Chapter 13 debtor in arrears on mortgage payments must include both payments in arrears and current payments under the plan"). Accordingly, the conditional orders confirming these Chapter 13 plans must be vacated.

*Debtor as Disbursing Agent*

■ In anticipation that the plans in question will probably be amended to pro-

vide that the debtors are not requesting to make mortgage payments "outside the plan" but only seek authority to serve as disbursing agents as to current mortgage payments under the plan, we address the legality of such an arrangement. We agree with those courts which have concluded that in Chapter 13 a debtor may act as disbursing agent and make ongoing mortgage payments under the plan, directly to secured creditors. *See, e.g., In re Foster, supra*, at 486–488; *In re Glasper, supra*, at 8, 9 (Hughes, J. concurring); *In re Case*, 11 B.R. 843, 846 (Bankr.D.Utah 1981); *In re Hines*, 7 B.R. 415 (Bankr.D. S.D. 1980); *In re Centineo*, 4 B.R. 654 (Bankr.D.Neb.1980). While § 1326(c)[2] "makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor," S.Rep. No. 989, 95th Cong., 2d Sess. 142 (1978), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5928, the plan may propose, or the Court may order otherwise, if another arrangement would be preferable to the customary method of trustee disbursements. This finding complements section 1322(a)(1) which requires payments to be made to the trustee *only* "as is necessary for the execution of the plan." *See also* 11 U.S.C. § 1325(b).

■ Procedurally then, henceforth, if a plan designates a debtor as disbursing agent with respect to current mortgage payments to be made under the plan, at the confirmation hearing the debtor will have the burden of showing the ability to make direct payments, as well as to comply with the other terms of the plan. *See In re Foster, supra*, at 486; *In re Case, supra*, at 846; *See also* 11 U.S.C. § 1325(a)(6) (which requires a "feasibility" determina-

---

1. 11 U.S.C. § 1322(b)(5) states that the Chapter 13 plan shall

provide for the curing of any default within a reasonable time and *maintenance of payments* while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the

final payment under the plan is due.... (emphasis added.)

2. § 1326. Payments
(c) Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

tion prior to confirmation). The bottom line, though, is that "the designation of the debtor as such a disbursing agent is very much a matter left to the considered discretion of the bankruptcy court." *In re Foster, supra,* at 486.

■ Because of the need for a speedy determination of this issue to ensure the uninterrupted operation of the Chapter 13 program in this District, we do not engage in a lengthy discussion of the factors militating in favor of, and against, a debtor acting as disbursing agent for current mortgage payments. For such a discussion, *see In re Foster, supra,* at 486–488; *In re Case, supra,* at 846–847; *In re Hines, supra,* at 421–422. Suffice it to say that where a debtor proposes to make payments directly to a secured creditor, and not through the trustee, the Court will evaluate the feasibility of such an arrangement on a case by case basis, at the confirmation hearing. The central inquiry in making such determination will be the debtor's ability to make payments directly to the secured creditor, without impairing his/her ability to comply with the terms of the plan in all other respects. *See In re Foster, supra,* at 487 ("the degree of responsibility of the debtor, as evidenced by his past dealings with his creditors, and the reasons contributing to the debtor's need for a Chapter 13 plan may be significant"). Also, confirmation of any plan which designates a debtor as disbursing agent of current mortgage payments in no way precludes the Court from later vacating that provision, if it appears during the course of the plan that the arrangement is not working. *Id.* at 487–488.

*Trustee's Fee*

■ Having determined that a debtor may, in some instances, make current mortgage payments directly to a mortgagee, we now consider the real motivating issue here—whether those payments should be included in the computation of the standing trustee's percentage fee. *See* 28 U.S.C. § 586.[3] The debtors contend that the trustee will receive excessive compensation, and/or that the cost of Chapter 13 will become prohibitive if all current mortgage payments are considered "under the plan." That argument is without merit in this jurisdiction, at least for the time being, pending the appeal of *In re Savage,* 60 B.R. 10 (Bankr.D.R.I.1986), where we held that the bankruptcy court is required to review the reasonableness of the standing trustee's fee. *See also In re Sousa,* 46 B.R. 343 (Bankr.D.R.I.1985), where we held that the trustee is entitled to compensation commensurate with the reasonable value of his services. Consistent with our prior holdings, we decline to automatically apply the statutory percentage fee to current mortgage payments made by a debtor, even though said payments are made "under the plan." Instead, the trustee should be compensated for his services commensu-

---

**3.** § 586. Duties; supervision by Attorney General

(e)(1) The Attorney General, after consultation with a United States trustee that has appointed an individual under subsection (b) of this section to serve as standing trustee in cases under chapter 13 of title 11, shall fix—

(A) a maximum annual compensation for such individual, not to exceed the lowest annual rate of basic pay in effect for grade GS–16 of the General Schedule prescribed under section 5332 of title 5; and

(B) a percentage fee, not to exceed ten percent, based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.

(2) Such individual shall collect such percentage fee from all payments under plans in the cases under chapter 13 of title 11 for which such individual serves as standing trustee. Such individual shall pay to the United States trustee, and the United States trustee shall pay to the Treasury—

(A) any amount by which the actual compensation of such individual exceeds five percent upon all payments under plans in cases under chapter 13 of title 11 for which such individual serves as standing trustee; and

(B) any amount by which the percentage for all such cases exceeds—

(i) such individual actual compensation for such cases, as adjusted under subparagraph (A) of this paragraph; plus

(ii) the actual, necessary expenses incurred by such individual as standing trustee in such cases.

rate with the reasonable value of those services. This is not a revolutionary concept, and there is an abundance of authority to support the proposition that bankruptcy courts may make appropriate adjustments to the trustee's percentage fee.[4] *See, e.g., In re Hines, supra,* at 421. *See also In re Case, supra,* at 847 ("the Court would be amenable to altering the statutory percentage fee added to a particular plan for cases in which the compensation gained from such a fee is disproportionate to the work being done by the trustee in that case"). Under no circumstances should we knowingly permit the trustee to reap a windfall:

> Congress left much discretion in the bankruptcy court with respect to the computation of the [trustee's] fee. The "ten percent" reference ... is a maximum; a smaller percentage may be assessed where the court deems it appropriate.... Although a case by case determination of the trustee's fee seems unfeasible, we believe that the bankruptcy court does have wide discretion in setting the fee.

*In re Foster, supra,* at 491.[5]

In *In re Eaton,* 1 B.R. 433 (Bankr. M.D. N.C.1979), the court found that the statutory fee under the standing order in the district would be unconscionable:

> There appears to be nothing in the new Code to prevent the Court from making some equitable adjustment of service charges for business cases under Chapter 13. This could be done on a fair and equitable standard for services performed by the Standing Trustee.... This differential could be made in the percentage deduction rate itself, or by applying the regular percentage deduction rate only to a portion of the monies received....

*Id.* at 434.

The court in *Foster* felt that the same reasoning advanced above in *Eaton* was generally applicable to non-business cases under Chapter 13, where a large portion of the payments are mortgage payments, with the debtor acting as disbursing agent. *Id.* at 492. We agree with *Foster* on this point, also.

It should also be pointed out that the effort required of the standing trustee to monitor mortgage payments is pretty much the same, regardless of the amount of the payments, so that a fixed percentage fee would result in higher compensation in certain cases, where the trustee's efforts were not proportionally greater. This is another important reason why it is imperative that bankruptcy courts retain the authority to review the standing trustee's fee, under a reasonableness standard.

In summary, the conditional confirmation orders in these three Chapter 13 cases are vacated, since the plans impermissibly provide for payment of current mortgage payments *outside the plan.* The affected debtors may file amended plans, consistent with this decision, within ten days. A continued confirmation hearing will be held on June 5, 1986 at 9:00 a.m., at which time the objection of the trustee to the debtors serving as disbursing agents (and the objections, if any, of the secured creditors affected by such an arrangement) will be heard. The parties should be prepared at that time to present evidence relevant to the debtors' ability to make payments directly to secured creditors, without impairing their ability to make all other payments under the plan.

---

4. Although the decisions cited here in support of the Court's authority to adjust the trustee's percentage fee are not pilot district cases, we have previously held that the reasoning in non-pilot district cases which sanction judicial discretion over the standing trustee's fee applies equally in pilot areas. *In re Sousa, supra,* at 345.

5. We obviously place much reliance throughout this decision on *Foster,* which also supports our holdings in *Sousa* and *Savage* concerning the reviewability of the standing trustee's fee.