**In re David Anthony TARTAGLIA, Debtor.**

**Bankruptcy No. 8600073.·**

United States Bankruptcy Court, D. Rhode Island.

June 13, 1986.

John Rao, Rhode Island Legal Services, Inc., Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on June 10, 1986, on the debtor's objection to application of the trustee's statutory percentage fee to current mortgage payments to be made by the trustee to Old Stone Bank, under the terms of the amended Chapter 13 plan. *See* 28 U.S.C. § 586.

Once again, the trustee is arguing in favor of strict application of the statutory fee to *all* payments made by him under a Chapter 13 plan (including current mortgage payments)—and *against* judicial reviewability of the 10% fee. While his persistence and strength of conviction regarding this recurring issue are notable, we are still unable to accept his basic premise of non-reviewability. *See In re Tartaglia*, 61 B.R. 439 (Bankr.D.R.I.1986); *In re Sousa*, 61 B.R. 105 (Bankr.D.R.I.1986); *In re Savage*, 60 B.R. 10 (Bankr.D.R.I.1986); *In re Sousa*, 46 B.R. 343 (Bankr.D.R.I.1985).

The debtor indicates that if the 10% fee is applied to ongoing mortgage payments in this case, the trustee will collect an additional $2,700 over the course of the plan, bringing his total compensation to approximately $4,680. Mr. Rao concedes, quite candidly, that the reasonableness of that figure can only be accurately determined at the conclusion of the case, until which point the nature and value of the

trustee's services cannot be fully or accurately evaluated. We agree with that proposition.

Accordingly, considering the lack of proof that application of the statutory fee to current mortgage payments would result in excessive compensation, we decline, at this point, to enjoin the trustee from collecting 10% of the amount of the monthly payments made to Old Stone. The debtor's right to object to the trustee's fee at the conclusion of the case is preserved, and we reserve our inherent authority to review the reasonableness of the fee at a later date.[1]

Accordingly, a proposed order of confirmation, in conformity with our findings herein, should be submitted for entry.

---

1. If and when such a review is undertaken, the question will not be whether the trustee's services in connection with disbursements to Old Stone warranted his collecting 10% from those payments. Rather, the emphasis will be on making a determination whether 10% is a reasonable fee, considering *all* services.