**In re Hannah WALDMAN a/k/a Hanna Roth a/k/a Hanna Roth Waldman, Debtor.**

**Bankruptcy No. 85–05280S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 5, 1987.

Arthur B. Liebersohn, Philadelphia, Pa., for debtor.

Rhoda Gershman, Philadelphia, Pa., Claimant.

Gary W. Calvin, Philadelphia, Pa., for claimant/Rhoda Gershman.

Edward Sparkman, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The present disputes arise due to an unexpected development in the long-standing efforts of this Court to resolve the Objections of the Debtor to a secured Proof of Claim filed by one Rhoda Gershman (hereinafter referred to as "Gershman"). After a series of continuances during which this case was reassigned by former Chief Judge Emil F. Goldhaber to the undersigned and

during which Gershman has been represented by at least three different attorneys, the Debtor sought to sidestep the matter by arguing that she wishes to deal with Gershman's claim "outside the Plan," as we defined that term in *In re Evans*, 66 B.R. 506, 509 (Bankr.E.D.Pa.1986).

We believe that a debtor should be permitted to opt to deal with a secured claim "outside the Plan" as long as the debtor is not seeking to modify or in any way affect the security interest of a secured claimant. Therefore, since we do not perceive that the Debtor is in fact seeking to affect Gershman's security interest in any way, we shall grant the Debtor's Objection on this basis, with the caveat that the Debtor may not proceed to affect Gershman's security interest during the future course of these proceedings.

This Chapter 13 bankruptcy case was filed by the Debtor, HANNAH WALDMAN, on December 6, 1985. The only attempt to obtain Confirmation of a Chapter 13 Plan resulted in an Order of June 17, 1986, denying Confirmation, for reasons which are not divulged by the record. However, we believe that this result was most probably related in some way to the Secured Proof of Claim of Gershman, which was filed on June 2, 1986, since proceedings filed by Gershman have consumed most of the energies of the Debtor and the Court devoted to this case since Gershman, by filing her claim, made known her presence herein.

The Proof of Claim asserts a claim of $49,259.50, arising from a "consignment of certain personalty by claimant to Debtor, which Debtor improperly disposed of without remittance of proceeds, and related judgment note for claimant's advancing of cash in 1977." The security asserted is five judgment liens obtained by Gershman against the Debtor's residential realty at 1916 Evarts Street, Philadelphia, Pennsylvania 19152. However, we should note that counsel agreed, during argument be-

fore us, that the judgments were obtained by confession, *see In re Souders*, 75 B.R. 427, 433–38 (Bankr.E.D.Pa.1987) (use of confession of judgment under applicable Pennsylvania law is unconstitutional), and that the judgments have, moreover, been opened by the applicable state court. Nevertheless, they continue to constitute liens on the Debtor's realty.

On June 6, 1986, Gershman filed an ill-advised Adversary proceeding, at Adv. No. 86–0501G, to determine the non-dischargeability of her liens and/or the underlying debts under some unascertainable provision of 11 U.S.C. § 523(a), probably § 523(a)(2). Judgment on the pleadings was granted after a six-page colloquy of Gershman's then-counsel before Judge Goldhaber on September 15, 1986, on the ground that 11 U.S.C. § 1328(a) does not allow § 523(a)(2) to serve as a basis for non-dischargeability of a debt in a Chapter 13 case.

On October 8, 1986, the Debtor filed her initial Objections to Gershman's claim, based, *inter alia*, on the grounds of alleged lack of finality of the judgments, due to their having been opened; and the fact that the claim was purportedly based on a "voidable judgment lien."

We note, per the Debtor's Schedules, that it is like that some equity exists in her home in excess of the claim of the first mortgagee.[1] Thus, Gershman's judgment liens, irrespective of the validity of the underlying claims, may be avoidable pursuant to 11 U.S.C. § 522(f)(1). *See In re Magosin*, 75 B.R. 545, 547 (Bankr.E.D.Pa. 1987). The Debtor has, however, never filed a Motion to avoid Gershman's judicial liens, and thus they remain intact.

However, on February 26, 1987, the Debtor did file a First Modified Plan which expressly states that "Debtor's plan does not provide for any secured claim of Rhoda Gershman." Thus, on July 7, 1987, when

---

**1.** At paragraph 14a of her Chapter 13 Statement, the Debtor values her home, co-owned with a grandson, at $43,000.00, and, at paragraph 12b, lists a secured first mortgage debt to Bell Savings and Loan of between $27,500.00 and $28,-

500.00. We cannot measure the equity with certainty because we are uncertain whether the $43,000.00 represents the entire value of the premises or only the Debtor's share as a co-owner.

the matter finally came before us after several continuances to allow Gershman to seek new counsel, the Debtor's sole argument was that her Objection should be granted because she sought to pay Gershman's claim "outside the Plan." Having been advised by her newly-acquired counsel that Gershman was ill and requested a continuance that date in any event, this Court continued the hearing until August 13, 1987, but, in the interim, asked the parties to file Briefs addressing the merits of the Debtor's attempt to deal with Gershman's claim "outside the Plan" on or before July 17, 1987, and July 31, 1987, respectively.

We note that Gershman did not, in oral argument or in her Brief, object to the Debtor's changing the basis for her Objections to Gershman's claim from that recited in the original Objections. Gershman's articulated argument as to why the Objection should be denied, in attempting to distinguish this case from *Evans*, is that, in *Evans*, the Debtor allegedly stipulated to relief from the stay and, here, the Debtor did not, purportedly placing Gershman in an "indefinite state of 'limbo' under which she will have no relief pursuant to the Bankruptcy Plan and at the same time, will be precluded from proceeding on the lien." Memorandum of Law Contra Objection of Debtor to Allowance of Secured Claim of Rhoda Gershman, at 2–3.

In *Evans*, we defined the phrase "outside the Plan," as we used it there and it is used by the Debtor here as follows:

> [I]n issue here is a situation, unlike that in *Foster* [*In re Foster*, 670 F.2d 478 (5th Cir.1982)], where the Debtor proposes not to pay arrearages or any portion of sums due to a secured creditor in his Plan, i.e., where he opts not to deal with a secured creditor at all by the terms of his Plan. See *id.* at 485–86. It is in this context that the term "outside" the Plan is used here. 66 B.R. at 509.

Our conclusion in *Evans*, following the reasoning of the court in *Foster*, was as follows:

> Therefore, as long as a debtor does not attempt to modify the rights of secured

parties per 11 U.S.C. § 1322(b)(2) in his plan, by curing arrearages therein or in any other respect, he clearly has the option of not dealing with the secured claim at all in his plan. *Id.* at 509–10.

We reaffirm our holding in *Evans*, noting that Collier concurs therewith. 5 COLLIER ON BANKRUPTCY, ¶ 1325.06[2][b], at 1325–31 (15th ed. 1987).

We do not agree with Gershman that the fact that the Debtor in *Evans* was willing to agree to immediate relief from the automatic stay, *id.* at 507, was determinative of the result there. Moreover, we did not grant such relief to the creditor proposed to be paid outside the Plan there, the Internal Revenue Service (hereinafter referred to as "the IRS"), in our Order. *Id.* at 511–12. We did state that "[b]eing dealt with outside the Plan may make it quite easy for the secured claimant to obtain relief from the automatic stay, and hence proceed exactly as if there had been no filing." *Id.* at 510. We fail to see why this observation would be in any sense different in application to Gershman as it was to the IRS in *Evans*.

There may, however, be one distinction between *Evans* and this case which does trouble us. *Foster* and the other leading appellate case following it, *In re Glasper*, 28 B.R. 6, 7 (9th Cir.Bankr.App.1983), limit the application of their holdings to "fully-secured claims." 670 F.2d at 489. The IRS, in *Evans*, had an apparently unavoidable federal tax lien, and hence most of its claims were fully secured. As *Foster* points out, attempts of Chapter 13 debtors to treat unsecured claims differently appears to run afoul of the "equal treatment" requirement of 11 U.S.C. §§ 1322(a)(3), (b)(1). *Id.* at 488. *See generally In re Furlow*, 70 B.R. 973 (Bankr.E.D.Pa.1987) (Debtor has burden of proving reasons to treat unsecured creditors differently).

The issue concerned us because, although Gershman alleged that her claim was fully secured, this status could probably be subject to challenge by the Debtor, pursuant to either 11 U.S.C. §§ 502, 506, *see, e.g., In re Jablonski*, 70 B.R. 381,

384–86 (Bankr.E.D.Pa.1987), or 11 U.S.C. § 522(f)(1). *See, e.g., Magosin, supra.*

However, we believe that we can mold our Order to resolve this issue. In *Evans,* it will be recalled that we conditioned permission of a debtor to deal with a secured creditor "outside the Plan" on the debtor's refraining from attempting to modify the rights of the secured creditor per 11 U.S.C. § 1322(b)(2). Similarly, we shall condition our result here on the Debtor's refraining from modifying the rights of Gershman under 11 U.S.C. §§ 502, 506, or § 522(f)(1), or in any other way otherwise permissible under the Code. Therefore, what we are holding, in essence, is that, when a debtor opts to deal with a creditor "outside the Plan" and, thus, as if the bankruptcy never existed as to that creditor, the debtor must forebear use of the Code to affect the rights of the secured creditor in any other way.

We do not believe that this result is inconsistent with the intentions of the Debtor here. The Debtor has indicated no desire to avoid or affect the security interest of Gershman.

We also note that Gershman is not prejudiced by this treatment. If she opts to continue to claim the status of a fully-secured creditor, she will be entitled to seek relief from the stay and it may be "quite easy" for her to obtain such relief. She will emerge from the Debtor's bankruptcy with a judgment lien of $49,259.50, which would otherwise appear, at least in part, avoidable.

Furthermore, if she wishes to share in the distribution under the Debtor's Plan, she can proceed to amend her Proof of Claim, assert either unsecured or partially-secured status, and, assuming the Debtor does not successfully pursue her Objection to Gershman's unsecured Proof of Claim, will be able to share in the distribution to unsecured creditors under the Chapter 13 Plan.

In fact, so attractive are the options available to Gershman, that the Debtor's success on this Objection may prove to be a Pyrrhic victory. However, given the foregoing considerations, we shall grant the Debtor's Objection to Gershman's claim and cancel the hearing presently scheduled on August 13, 1987.

Our Order also addresses another matter of concern to us: the dormancy of this case, apparently due to the aura of uncertainty cast upon it by the pendency of this Objection. In order to put the case into motion, we shall schedule a Confirmation Hearing on the Debtor's First Modified Plan on September 24, 1987. We also direct that the Debtor's counsel file any other relevant objections and Motions, by August 21, 1987, giving us sufficient time to schedule hearings on any such filings.

## ORDER

AND NOW, this 5th day of August, 1987, upon consideration of the Objections of the Debtor to the Proof of Claim of Rhoda Gershman (hereinafter referred to as "Gershman") and the Briefs of the parties addressing the Debtor's right to have Gershman's Claim considered to be "outside the Plan," per *In re Evans,* 66 B.R. 506 (Bankr.E.D.Pa.1986), it is hereby ORDERED as follows:

1. The Debtor's Objection is SUSTAINED and the Claim of Gershman. is DISALLOWED, consistent with the enclosed Memorandum, on the condition that the Debtor will not attempt to affect Gershman's liens by means of any provision of the Bankruptcy Code and unless and until Gershman classifies her claim other than as a fully-secured claim.

2. A Confirmation Hearing as to the Debtor's First Modified Chapter 13 Plan is scheduled on

THURSDAY, SEPTEMBER 24, 1987, at 10:00 A.M. in Courtroom No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.

3. The Debtor's counsel shall file and serve any additional Objections or Motions in contemplation of Confirmation on or before August 21, 1987, and shall schedule any hearings on such matters on September 24, 1987, as well.