In the Matter of Ratasha A. CAULFIELD, Debtor.

Bankruptcy No. 3–87–01779.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 12, 1988.

Micheal Ellerbrock, Dayton, Ohio, for debtor.

George W. Ledford, Englewood, Ohio, Chapter 13 Trustee.

Craig T. Matthews and James C. Ellis, Dayton, Ohio, for Ford Motor Credit Co.

## MEMORANDUM OPINION AUTHORIZING PRESENTATION OF ORDER GRANTING CONFIRMATION OF CHAPTER 13 PLAN IN ACCORDANCE WITH DECISION

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, (L)—confirmation of plans, and (O)—other proceedings affecting the adjustment of the debtor/creditor relationship. The proceeding is before the court on the debtor's Modification To Plan Before Confirmation (Doc. 26), the Notification Of Modification Of Chapter 13 Plan Notice To File Objections To Confirmation By December 31, 1987 (Doc. 27), the Order Setting Hearing On Assumption Of Lease (Doc. 28) and the Objection To Debtor's Modification To Plan Before Confirmation and accompanying memorandum (Doc. 29). This proceeding presents the issue of whether a Chapter 13 Plan which proposes to exclude an automobile lease debt from payment under the provisions of the Chapter 13 Plan will be confirmed by the Bankruptcy Court and, if so, under what circumstances.

The significant provisions of the Debtor's Proposed Modification (Doc. 26) are:

1.  If this Plan is confirmed, the debtor assumes the lease on the 1986 Ford EXP with Ford Motor Credit Company (FMCC).

2.  The debtor will disburse the lease payment in the amount of $165.22 due February 25, 1988 to FMCC and each succeeding monthly payment, if this Plan has been confirmed.

. . . .

5.  After confirmation, the Trustee may seek recovery of any Refundable Security Deposit from FMCC, as additional plan payments.

Ford's Objection (Doc. 29) is directed to paragraph five (5) of the debtor's Modification which proposes to allow the trustee to seek recovery of the security deposit given by the debtor to Ford Motor Credit Company in connection with the execution of the lease. The security deposit appears in an attachment to Ford's Lease Proof of Claim filed July 14, 1987, as "(1) Initial Charges, (c) Refundable Security Deposit $675.00."

Although the procedural history of this case does not represent the clearest presentation of the issues, direct and dormant, in the assumption of a motor vehicle "true lease" in a Chapter 13 case, nevertheless, the court believes that its determinations in this proceeding may be of assistance in the resolution of this case and other pending and future Chapter 13 cases.

It is the court's opinion that although 11 U.S.C. § 365, which is applicable in Chapter 13 proceedings (§ 1322(b)(7), § 1325(a)(1)), contains a specific reference to Chapter 13 (§ 365(d)(2)), it does not require that a "true lease" be paid only under the provision of a debtor's Chapter 13 Plan. Although § 1322(a) contains the wording "the plan *shall* " (emphasis added), the wording of § 1322(b) provides "[s]ubject to subsections (a) and (c) of this section, the plan *may* " (emphasis added).

Among the factors weighing most heavily in a determination of whether or not a specific debt must be paid pursuant to the provisions of a debtor's Chapter 13 Plan, or may be excluded from a debtor's Chapter 13 Plan, is the effect the excluded debt will have on the mandatory provisions of the debtor's plan (§ 1322(a)) and the effect the excluded debt will have on other creditors' rights.

■ In examining the debtor's proposal to exclude the motor vehicle lease debt in this case, first, the court determines that the lease is property of the estate (11 U.S.C. § 541). Second, the lease is a "true lease" as that term is recognized in Sixth Circuit decisions. *Jahn v. M.W. Kellogg Company, Inc. (In re Celeryvale Transport, Inc.)*, 822 F.2d 16 (6th Cir.1987), *In re Farrell*, 79 B.R. 300 (Bankr.S.D.Ohio 1987). Third, there is no suggestion from any party, nor is there any evidence in the record, that would indicate that the debtor is not otherwise able to comply with the provisions of § 1322(a), or that excluding this debt from the debtor's Chapter 13 Plan would have an adverse effect on the debtor's general ability to fulfil the terms of the proposed plan. Fourth, the exclusion of this debt does not appear to have any effect on the rights of other creditors. There are no other "true leases" in the debtor's Chapter 13 Plan. The debtor's proposal and the creditor's agreement to exclude this debt from the debtor's Chapter 13 Plan does not appear to the Court to have any impact upon other creditors in this case. For example, this is not the type of "true lease" which could produce equity, exempt or non-exempt, in this estate. Neither the Chapter 13 Trustee, nor any other entity, has filed an objection to the debtor's proposed plan.

Accordingly, with regard to those provisions of the debtor's Modified Plan which propose to exclude from the operation of the debtor's Chapter 13 Plan the obligation between the debtor and FMCC, the court will approve such a provision.[1]

---

**1.** The court notes that similar reasoning, although concerning an unrelated and significantly different type of debt—allowed secured claims—has reached the conclusion that upon agreement of the creditor and debtor, certain debts can be excluded from the operation of a debtor's Chapter 13 Plan. *Matter of Foster,* 670 F.2d 478 (5th Cir.1982), *In re Evans,* 66 B.R. 506 (Bankr.E.D.Pa.1986), *In re Waldman,* 75 B.R. 1005 (Bankr.E.D.Pa.1987).

■ The court, in this decision, has attempted to avoid using the terms "inside the plan" and "outside the plan". These terms have a confusing history in bankruptcy courts and the use of these terms continues to generate confusion. Under the Bankruptcy Act of 1898 there were payments made "outside" of the debtor's plan to a significant number of creditors; because, among other reasons, Chapter XIII plans required acceptance by unsecured creditors and Chapter XIII plans could not deal with claims secured by real property, including the debtor's principle residence. Accordingly, a debtor's Chapter XIII plan provided for the payment of certain debts; but, because the Chapter XIII plan could not provide for the payment of all of the debtor's debts, it was necessary for the debtor to make certain payments "outside" of the Chapter XIII plan. That situation changed completely with the adoption of the Bankruptcy Code in 1978. Under the provisions of the Code, all debts, administrative, priority, long term, short term, secured and unsecured, including debts arising from leases, are subject to the jurisdiction of the Bankruptcy Court in a proposed Chapter 13 Plan. A Chapter 13 debtor is required to list all debts, (Bankr.R. 1007(b), Official Form 10). The provisions of the automatic stay became operative when the Chapter 13 petition is filed (11 U.S.C. § 362). The provisions of the confirmed plan become the sole basis for the payment of each creditor's claim (11 U.S.C. § 1327), unless the court confirms a plan that contains a provision which excludes a particular debt. As a result, there are no such payments as "payments outside the plan". Whether the debtor is the distribution entity, or the Chapter 13 Trustee is the distribution entity, all payments are made pursuant to the debtor's Chapter 13 Plan and, accordingly, are subject to the supervision and control of the Bankruptcy Court, except, in the rare instance of payments on a debt excluded from the debtor's Chapter 13 Plan. Althoguh this court is not interested in adding an additional term to the parlance of Chapter 13 practice, the court believes that it clarifies the issue by referring to a debt that will not be a part of a debtor's Chapter 13 Plan as an excluded debt. An excluded debt is a debt that is not to be paid pursuant to any provisions of a debtor's proposed or confirmed Chapter 13 Plan. In this particular case, the debt due FMCC is an excluded debt. It is not to be paid by either the Chapter 13 Trustee or the debtor pursuant to any provision of the debtor's proposed Chapter 13 Plan. It is to be excluded from the provisions of the debtor's Chapter 13 Plan. The court is permitting this exclusion from the debtor's Chapter 13 Plan under the limited facts and circumstances of this case because the proposed excluded debt meets the criteria previously discussed.

■ With regard to the FMCC's objection to that provision of the debtor's plan which proposes to allow the trustee to seek recovery of any refundable security deposit, the court will grant FMCC's objection. It must be understood that when the debtor and the creditor agree to exclude from the debtor's Chapter 13 Plan the debt that exists between FMCC and the debtor, the exclusion operates for all purposes connected with the confirmation of the debtor's plan (11 U.S.C. § 1327). Accordingly, the court expresses no opinion on the assumption of this lease, since the lease is excluded for the debtor's plan.

Again, because of the particular procedural history connected with this case, some additional comments may be helpful for this and other cases.

■ The debtor's original plan (Doc. 2) proposed to assume the lease with FMCC and pay it under the terms of a confirmed plan. As an attachment to its initial objection (Doc. 7), FMCC provided a copy of its filed Lease Proof Of Claim. The Lease Proof Of Claim contained a copy of the documents under which FMCC asserted its claim and allowed the Chapter 13 Trustee, any creditor, and the court the opportunity to examine the documents. In pending Chapter 13 cases that have not been confirmed, and in Chapter 13 cases filed after the date of this decision, if a debtor proposes to exclude a true lease debt from a Chapter 13 Plan, the debtor, in addition to listing the debt in the Chapter 13 state-

ment, shall file with the court and serve upon the Chapter 13 Trustee and any co-debtors, not later than the date first set for the meeting of creditors, a motion entitled MOTION TO EXCLUDE LEASE DEBT FROM CHAPTER 13 PLAN. The MOTION TO EXCLUDE LEASE DEBT FROM CHAPTER 13 PLAN shall contain as attachments copies of the lease and all other documents which will allow a determination of terms of the lease, including all deposits made, all amounts paid and all remaining payments required under the terms of the lease. Any objections to such a motion shall be governed by the provisions of Dayton Chapter 13 Rule D–3.18.4 and shall be heard at the time of the confirmation hearing.

Accordingly, the debtors shall, not later than seven (7) days from the date of this decision, present an order consistent with the provisions of this decision confirming the proposed modified plan, or take such other action as the Bankruptcy Code and Rules authorize.

SO ORDERED.