**In the Matter of Danny L. HARRIS, Debtor.**

**In the Matter of Marlene FAIMON, Debtor.**

**In the Matter of Douglas CURRY and Diane Curry, Debtors.**

**Bankruptcy Nos. BK88–40972, BK88–41155 and BK89–40039.**

United States Bankruptcy Court, D. Nebraska.

June 21, 1989.

Vincent M. Powers, Robert B. Creager, E. Terry Sibbernsen, Attys., Kathleen A. Laughlin, Trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

This matter comes before the court for consideration of the standing trustee's objections to confirmation of the Chapter 13 plans in the above cases. Similar objections have been filed by the standing trustee in several pending Chapter 13 cases.

The trustee objects because the plans permit the debtor to make payments to certain creditors by disbursing funds directly from the debtor to the creditor without permitting the funds to pass through the hands of the trustee. The trustee also objects to plans which permit the debtor to make regular payments of principal and interest directly to the creditor and not through the trustee while the plan provides for existing defaults to be cured by the debtor making payments to the creditor through the trustee.

## DISCUSSION

Decisional law analyzing whether certain payments can be made inside or outside a debtor's plan has become somewhat confused by the usage of the terms "inside" and "outside." "Outside" has been used to refer to debts not provided for in the plan. "Outside" has also been used to describe payments made by the debtor directly to a creditor on a debt which is provided for in the plan. Similarly, the term "inside" has been used ambiguously. "Inside" has been used to describe those debts that are provided for in a plan, regardless of whether those debts are to be paid directly to a creditor or through the trustee. "Inside" has also been used to describe only those debts in the plan which are to be paid through the trustee.

I shall refer to debts as being either "provided for" or "not provided for" under the plan. Payments will be described as being made either directly by the debtor or through the trustee.

These semantic difficulties obfuscate several distinct legal issues which arise in Chapter 13 cases:

1. May a debtor elect not to provide for the payment of all his or her obligations under the Chapter 13 plan? May some debts, such as car loan obligations and mortgage note obligations simply not be provided for in the plan?

2. Is the Chapter 13 standing trustee entitled to be paid a percentage fee on payments on a debt which is not provided for in the plan?

3. If a Chapter 13 plan provides for the payment of a debt, may the debtor make payments directly to the creditor or must the plan provide that the payment will be made through the standing trustee?

4. Is the Chapter 13 standing trustee entitled to be paid a percentage fee on payments on a debt which is provided for in the plan if the payments under the plan are to be made directly by the debtor to the

creditor and not through the standing trustee?

5. Should a Chapter 13 plan be confirmed if a defaulted long term debt, such as a home mortgage, is provided for as follows: Existing defaults are to be cured by the debtor making payments through the standing trustee; payments of principal and interest that become due during the pendency of the case would either not be provided for in the plan or would be provided for by requiring debtor to make direct payments to the creditor?

## DEBTS NOT PROVIDED FOR IN THE PLAN

■ Whether a plan must "provide for" a particular debt depends on whether the claim is secured or unsecured. Unsecured debts must, generally, be provided for in the Chapter 13 plan. Several courts have held that treatment of some unsecured claims outside the plan while treating other unsecured claims inside the plan results in a discriminatory classification. *See Matter of Foster*, 670 F.2d 478 (5th Cir.1982); *In re Dziedzic*, 9 B.R. 424 (Bkrtcy.S.D.Tex. 1981); *In re Weeden*, 7 B.R. 106 (Bkrtcy.D. R.I.1980); *In re Crago*, 4 B.R. 483 (Bkrtcy. S.D.Ohio 1980); *In re Tatum*, 1 B.R. 445 (Bkrtcy.S.D.Ohio 1979).

There is no apparent requirement that a Chapter 13 plan provide for the treatment of all secured claims. *See* 11 U.S.C. §§ 1322(a), 1325(a)(5); *Matter of Foster*, 670 F.2d at 488–89; 5 *Collier on Bankruptcy*, ¶ 1300; 1325.01 (15th ed.1979). A debtor may choose not to provide for one or more secured claims and elect instead to pay those claims directly to the creditor outside the plan. The lien securing those claims merely passes through the bankruptcy case unaffected. *See* 11 U.S.C. § 506(d). If the plan does not "provide for" the claim, it will not be eligible for discharge. *See* 11 U.S.C. § 1328. A Chapter 13 plan may simply be silent on a particular secured debt, such as a car loan, and thus not "provide for" the payment of the debt.

■ A trustee's fee cannot be assessed on payments made on debts not provided for in the plan. The District of Nebraska is currently participating in the United States Trustee Program under the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986). In United States Trustee districts, the procedure for payment of the Chapter 13 trustee is governed by 28 U.S.C. § 586. Section 586(e)(2) provides that the standing trustee may assess a fee "from all payments received by such individual under plans...." Further, this section was amended in 1986 to add the phrase "received by such individual." *See* Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986); 5 *Collier on Bankruptcy*, ¶ 1302.01 (15th ed. 1979). Under the current language of § 586(e)(2), the trustee's percentage fee may be collected only from payments actually received by the trustee. Therefore, the trustee's fee cannot be assessed on payments made by debtor on debts not provided for in the Chapter 13 plan.

## DEBTS PROVIDED FOR IN THE PLAN

■ There is no statutory requirement that all claims provided for in a Chapter 13 plan be paid through the trustee. *See* 11 U.S.C. § 1326(c). However, the basic Chapter 13 statutory scheme involves the standing trustee acting as paying agent for the benefit of creditors, and the standing trustee performing numerous administrative and legal duties. Congress intended bankruptcy cases to generate sufficient fees to pay for the costs and expenses of the standing trustee. If the Chapter 13 standing trustee's fees could be avoided by the simple expedient of the plan providing for the debtor to make payments to creditors directly, these important policies would be frustrated. I conclude that, in general, debts provided for by the Chapter 13 plan must be paid through the Chapter 13 standing trustee. Since the Bankruptcy Code does not explicitly require payments to be made through the standing trustee, for good cause shown I will consider, on a case-by-case basis, whether debts provided for under the plan may be paid directly by

the debtor. However, the avoidance of the standing trustee percentage fee on monthly payments should not constitute good cause for permitting direct payments by the debtor, and I envision limited exceptions to the requirement that payments be made through the trustee.

■ In making a determination of whether a claim may be paid directly, the court will consider the Congressional intent that bankruptcy cases generate fees sufficient to pay the costs and expenses of the administration of the bankruptcy system. *See In re Pianowski*, 92 B.R. 225 (Bkrtcy. W.D.Mich.1988); *In re Wright*, 82 B.R. 422 (Bkrtcy.W.D.Va.1988). A debtor should not be allowed to deny the trustee the percentage fee by paying debts directly. Such a result would frustrate the statutory scheme.

Other factors the court will consider in determining whether a claim should be paid through the trustee under the plan include whether the debt is modified by the plan, the sophistication of the creditor, the ability and incentive of the creditor to monitor payments, whether the debt is a commercial or consumer debt, the ability of the debtor to reorganize absent direct payments, whether the payment cannot be delayed, the number of payments proposed to satisfy a claim, whether a direct payment by debtor under the plan will impair the trustee's ability to perform his or her standing trustee duties, and unique or special circumstances of a particular case.

*Residential Mortgage Debt*

■ A Chapter 13 debtor is not required to provide for the payment of residential mortgage debt under the plan. However, if there has been a default under the mortgage and the holder of the mortgage debt has declared the entire unpaid balance of the mortgage note due and payable, the debtor, as a practical matter, must provide for the payment of the mortgage note under the plan. If the plan provides for curing the defaults, for reinstating the mortgage note by deceleration, and for the maintenance of monthly payments of principal and interest during the pendency of the case, I conclude that the plan must provide for both the payment of the cure increment and the payment of the monthly principal and interest payments under the plan. The debtor may not elect to provide for the cure under the plan and to pay the monthly debt service outside the plan. Such bifurcation inside and outside the plan is not permitted. *See Matter of Foster*, 670 F.2d at 489.

■ However, I conclude that it is permissible for the Chapter 13 plan to provide for the cure of existing defaults by payments through the standing trustee and the maintenance of monthly payments of principal and interest by direct payments by debtor to the creditor. There is good cause to permit such direct payments. Under the Bankruptcy Code, the mortgage note on debtor's principle residence cannot be modified. *See* 11 U.S.C. § 1322(b)(2). Requiring mortgage payments to be made through the trustee would modify the rights of the mortgage holder. If mortgage payments are to be made through the trustee, the mortgage holder may not receive payments until after the date payments are due. This delay in payment, by itself, modifies the mortgage holder's rights. Moreover, the delay will result in the assessment of late payment fees and may cause a default. The holder of a mortgage on debtor's primary residence is entitled to receive timely payments without an increased risk of default. Further, mortgage payments are traditionally paid by debtors directly. *See In re Wright*, 82 B.R. at 422; *In re Hines*, 7 B.R. 415 (Bkrtcy.D.S.D.1980). A debtor should be permitted to pay the mortgage holder directly. I will thus permit direct payments of principle and interest under the plan to be made by debtor to the holder of a mortgage on debtors principal residence. As the same rationale does not apply to the payments made under the plan to cure existing defaults under the mortgage, such payments must be made through the standing trustee.

The standing trustee is not entitled to be paid a percentage fee on payments made on debts provided for in the plan if the payments are made directly by the debtor

to the creditor. The trustee's fee can be assessed only on payments received by the trustee. *See* 28 U.S.C. § 586(e)(2).

I thus conclude that a Chapter 13 debtor has two basic options respecting payments on a mortgage secured by debtor's primary residence:

1. The plan may be silent on the debt, in which case the debtor may make direct payments to the creditor, a trustee's fee is not due and the debtor will not be eligible for discharge on the claim because the mortgage debt is not provided for in the plan. This option is not possible if the debtor seeks to cure existing defaults in the mortgage under the plan.

2. The mortgage debt may be provided for under the plan. Cure payments must be made through the standing trustee and a trustee's percentage fee is due and payable. The plan may provide for the monthly payments of principal and interest either through the trustee, in which case a trustee's fee is due, or the plan can provide for payments to be made directly by the debtor, in which case no trustee's fee is due. Let us now turn to the specific cases before me.

## IN RE DANNY L. HARRIS
## BK88–40972

### FACTS

Debtor, Danny L. Harris has fifteen (15) creditors, three of which are secured by debtor's principle residence. The plan provides for the payment of the three secured debts as follows: "cure default through plan, make regular payments outside plan." The trustee objects to the method of direct payments to creditors (Fil. # 10).

### DISCUSSION

A Chapter 13 plan may not be confirmed if it provides only for payment of existing defaults while making no reference to monthly principle and interest. In such a case, the plan violates 11 U.S.C. § 1322(b)(5) by providing for the cure of existing defaults without providing for the payment of current principle and interest. *See, e.g., Matter of Foster,* 670 F.2d at 489; *In re Glasper,* 28 B.R. 6 (9th Cir. BAP

1983); *In re Tartaglia,* 61 B.R. 439 (Bkrtcy.D.R.I.1986); *In re Weber,* Ch. 13 Case No. 87–1658, slip op. (Bkrtcy.D.Neb. September 22, 1988). If the Chapter 13 plan provides for payments to cure defaults, it must also provide for payments of the current principle and interest.

The first issue to be determined in this case, therefore, is whether debtor's plan "provides for" both the payments to cure defaults and the payments of current principle and interest. To provide for a claim under 11 U.S.C. § 1328(a), a plan need only "make a provision for it, i.e., deal with or refer to it." *See Lawrence Tractor Co. v. Gregory (In re Gregory),* 705 F.2d 1118, 1122 (9th Cir.1983) (claim was "provided for" even though the plan did not propose to make any payments on the claim). However, a debt is not provided for in a plan simply by listing the debt on a debtor's schedules or statement of affairs.

I conclude that debtor's plan in this case does "provide for" both the payments to cure defaults and the payments of current principle and interest, notwithstanding the plans statement that payments on principle and interest are to be made "outside the plan."

The second issue is whether the monthly principle and interest payments provided for in the plan must be made through the standing trustee. For the reasons previously stated in this memorandum, I conclude that these mortgage payments may be made directly by the debtor.

The trustee's percentage fee may be charged on the cure payments, but may not be charged on the principle and interest paid directly by the debtor. The trustee's objection will be denied.

## IN RE MARLENE FAIMON
## BK88–41155

### FACTS

The Chapter 13 plan of debtor, Marlene Faimon, provides for payments through the trustee to holders of unsecured claims, and direct payments by the debtor to holders of secured claims. The plan lists GMAC, Montgomery Wards, Security Pacific and Audio Visions as holders of secured claims.

With respect to each of these secured claims, the plan states "payment to be made outside the plan." The claim of Audio Visions is to be paid with one single payment within 120 days of confirmation. The trustee objects to the method of direct payments to secured creditors (Fil. # 16).

## DISCUSSION

The first issue is whether the Chapter 13 plan "provides for" the payment of secured claims within the meaning of 11 U.S.C. § 1328(a). To "provide for" a claim a plan need only "make a provision for it, i.e., deal with it or refer to it." *See Lawrence Tractor Co.*, 705 F.2d at 1122. I conclude that the plan in this case does "provide for" the secured claims, notwithstanding the plan's statement that payment of each secured claim is "to be made outside the plan." Debtor's obligations on these secured claims may thus eventually be eligible for discharge under § 1328.

The second issue to be determined is whether the debtor may make direct payments on these secured claims which are "provided for" under the plan. Monthly or periodic payments to be made under a Chapter 13 plan must generally be made through the trustee. Ms. Faimon's primary residence does not secure any of the claims. The only reason submitted for permitting direct payment by the debtor is that the direct payment would not be subject to the trustee's fee. This is an insufficient reason with respect to the claims involving *monthly* or *periodic* payments. However, a desire to bypass the percentage fee is a sufficient reason for the direct payment of the secured claim of Audio Visions. This claim is to be paid in a *single* payment within 120 days of confirmation and there seems to be no reason to require the payment to be made through the trustee. A similar direct payment under a plan may be appropriate in cases where property of the estate is sold and the proceeds remitted to secured creditors.

The trustee's objection will be granted and the plan will not be confirmed. Debtor will be required to file a modified or amended plan within fifteen (15) days here-

of. The debtor may elect to delete reference to the secured claims, in which case such claims will not be "provided for" under debtor's plan. Although payments on claims not provided for in debtor's plan may be made directly by debtor, discharge will not be available under § 1328.

The trustee's percentage fee may be assessed against all payments provided for in the plan other than payments made directly by debtor.

IN RE DOUGLAS W. CURRY and DIANA J. CURRY

BK89–40039

## FACTS

The Chapter 13 plan of debtors, Douglas W. and Diana J. Curry lists two secured claims. These claims are comprised of a $102,000.00 secured claim of Dr. Oliver Pogue, and a $152,180.00 secured claim of FirsTier Bank. With respect to each of these claims, the plan states that "[t]his claim will not be impaired under this Plan and the debtors propose to make payment on this claim outside the Plan." The trustee objects to debtors' proposal to pay secured creditors directly (Fil. # 4).

## DISCUSSION

The first issue is whether debtors' plan "provides for" payment of these two claims. The plan refers to the claims and describes the method of payment of the claims. Pursuant to the criteria previously discussed, I conclude that the plan in this case provides for the secured claims. *See Lawrence Tractor Co.*, 705 F.2d at 1122.

The second issue is whether the debtors should be permitted to pay these secured claims directly. Generally, monthly and periodic payments such as these must be made through the trustee. Debtors' principal residence does not secure these claims. Thus, there is no apparent reason to pay these claims directly, except to avoid the trustee's fee. Avoidance of the trustee's fee is an insufficient reason to permit these claims to be paid directly.

The trustee's objection in this case should be granted and debtors' plan should not be confirmed. Debtors will be required to file a modified or amended plan within fifteen (15) days hereof. Debtors may

elect to delete reference to these secured claims and pay these claims directly outside their plan. However, if these claims are not provided for in debtors' plan, the discharge with respect to these debts will not be available under § 1328.

The trustee's percentage fee may be assessed on those payments provided for in the plan which are not to be paid directly by the debtors.

Separate orders will be entered in each of the above cases consistent herewith.