**In the Matter of Ronald & Rose Anne KOSMICKI, Debtors.**

**Bankruptcy No. BK92–40951.**

United States Bankruptcy Court,
D. Nebraska.

Dec. 3, 1993.

David H. Hahn, Lincoln, NE, for debtors.

Richard K. Lydick, Omaha, NE, Chapter 12 Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court to consider an Objection to Confirmation filed by the Chapter 12 Trustee. The matter was submitted to the court upon a Stipulation of Facts. I take judicial notice of the court file.

■ The trustee objects to confirmation of the plan alleging that the plan and Settlement Agreement between debtors and Sherman County Bank ("Bank") fail to comply with 11 U.S.C. § 1226(c) in that payments made on prepetition debt to the Bank are made by the debtors directly and not through the Office of the Chapter 12 Trustee. If payments are made directly, the trustee is presumably concerned because no trustee fee is payable on direct payments. See 28 U.S.C. § 586 (1993). The trustee's objection is denied.

Three points should be noted. First, the Settlement Agreement between the debtors and the Bank was evidently not filed with the court except as an exhibit to the Stipulation of Facts. However, the Settlement Agreement is consistent with the proof of claim filed June 25, 1992 by the Bank. Second, a letter from the Bank's attorney, Mr. Trev E. Peterson, Exhibit "B" to the Stipulation of Facts states that the Settlement Agreement is, in the Bank's view, a voluntary agreement between the parties and the Bank does not consider itself "impaired as that term is used in the Bankruptcy Code." The letter goes on to state that any modification of the terms of Kosmickis' obligation to the Bank was voluntary and was done as part of the negotiations between the parties. Third, the proposed plan of reorganization does not provide for treatment of the claim of the Bank. The plan is silent on the Bank's claim.

Since the claim of the Bank is not "provided for" by the Chapter 12 plan, the claim of the Bank is not subject to discharge in this bankruptcy case. There is no evidence from which I would conclude that Sherman County Bank is the holder of an unsecured claim. It thus appears that the Bank's secured claim is resolved under the Settlement Agreement. I am aware of no requirement that a Chapter 12 plan must provide for treatment of all secured claims. I have reached similar conclusions in Chapter 13 cases. See *Matter of Harris*, 107 B.R. 204 (Bankr.D.Neb.1989). Since the secured debt of the Bank is not provided for in the plan and the debt will not be discharged pursuant to bankruptcy laws, I

conclude that the rights of the Bank are not sufficiently impaired by the Bankruptcy Code or by the plan to require that payments be made through the Chapter 12 trustee. See *In re Fulkrod*, 973 F.2d 801 (9th Cir. 1992).

█ In reaching this conclusion, I have closely reviewed the debtors' proposed Chapter 12 plan. It is clear that the debtors are not attempting to generally circumvent the Office of the Chapter 12 Trustee. The plan contemplates that various payments made to secured creditors will be made through the Office of the Chapter 12 Trustee. Although as a general matter, Chapter 12 payments must be made through the Office of the Trustee, I conclude that under all of the circumstances of this case, such payment should not be required.

I realize that there is a legitimate administrative concern about funding the Office of the Chapter 12 Trustee through payments made under Chapter 12 plans. I agree that the court should not adopt a rule which facilitates circumvention of the Chapter 12 Trustee's fee. However, on the facts of this case wherein the specific secured debt is not provided for under the plan and, other payments are being made through the Office of the Chapter 12 Trustee, I conclude that confirmation is appropriate.

I disagree generally with cases which allow circumvention of the Office of the United States Trustee. See *In re Overholt*, 125 B.R. 202 (S.D.Ohio 1990) (permitting payments to be made directly by the debtor on impaired claims with discussion of conflicting authority). I believe that the approach taken by the Ninth Circuit Court of Appeals in the matter of *In re Fulkrod*, is the preferred view, although there should be exceptions to the general rule therein stated. If *In re Fulkrod* were applied to the facts of this case, payments would not have to be made through the trustee, because the payments made to the Bank are not being made on a claim "modified by a plan." Furthermore, there is no evidence on the facts before me that the Settlement Agreement and payments being made directly to the Bank are made "in order to avoid paying the bankruptcy trustee

the statutory fee under 28 U.S.C. § 586." See *In re Fulkrod* at 803.

IT IS THEREFORE ORDERED, that the objection of the Chapter 12 Trustee is denied.