## In the Matter of Gordon and Gladys CROSS, Debtors.

### Bankruptcy No. BK94–40250.

United States Bankruptcy Court, D. Nebraska.

May 4, 1995.

---

Richard A. Birch, North Platte, NE, for debtors.

Richard K. Lydick, Chapter 12 Trustee, Omaha, NE.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Second Amendment to Chapter 12 Plan of Reorganization and Request for Confirmation of Plan, and the Trustee's Objections to Confirmation. The Trustee's Objections are overruled. I conclude that debtors may make payments to secured creditors directly and not through the Chapter 12 trustee.

### FINDINGS OF FACT

There are only three creditors in this Chapter 12 case—Dawson County, Nebraska ("Dawson County"); Lincoln County, Nebraska ("Lincoln County"); and the Farmers Home Administration ("FmHA"). The claims of Dawson County and Lincoln County are for personal property taxes and/or real estate taxes, and are both fully secured. The claim of the FmHA is in regard to a real estate mortgage, which claim is part secured and part unsecured. Under the Second Amendment to Chapter 12 Plan, the debtors propose to pay Dawson County, Lincoln County, and the secured portion of the FmHA's claim directly, rather than through the office of the Chapter 12 trustee. The debtors propose to pay the unsecured portion of the FmHA's claim from disposable income through the office of the Chapter 12 trustee. The trustee has objected to the proposed direct payment of secured claims, asserting that such proposal is contrary to and in violation of various sections of Titles 11 and 28 of the United States Code.

### DISCUSSION

■ The Chapter 12 trustee is entitled to no fees on payments made directly to creditors by the debtor. *See* 28 U.S.C. § 586 (1995). The trustee argues that the proposed direct payments to creditors are in violation of the Bankruptcy Code and Title 28 of the United States Code. I conclude that the position of the trustee is contrary to the holding of the Eighth Circuit Court of Appeals in *In re Wagner*, 36 F.3d 723 (8th Cir.1994). I also conclude that such position is contrary to the previous holdings of this court, which are consistent with *In re Wagner*.

In *In re Wagner*, the debtors' Chapter 12 plans provided for direct payments to impaired secured creditors. *In re Wagner*, 36 F.3d at 725. The bankruptcy court had dismissed the bankruptcy cases involved in *In re Wagner*, holding that trustee fees can not be avoided by direct payment to impaired secured creditors. *Id.* The district court reversed, holding that the provisions of the Chapter 12 plans providing for direct payment to impaired secured creditors were valid, and such payments were not subject to trustee's fees. *Id.* On appeal, the Eighth Circuit Court of Appeals affirmed the district court ruling, holding that direct payments to impaired secured creditors are not prohibited by the Bankruptcy Code. *In re Wagner*, 36 F.3d at 726 (citations omitted). Specifically, the court in *In re Wagner* held that direct

payments were not prohibited by §§ 1225 and 1226 of the Bankruptcy Code, two of the sections asserted by the trustee in the present case. *Id.* I agree with this holding, and, of course, am bound to follow it. Section 1225(a)(5) contemplates distribution by either the trustee *or* the debtor, and § 1226 deals with payments actually received by the trustee and expressly contemplates payments made by parties other than the trustee if so provided in a plan. *Id.* 11 U.S.C. § 1225(a)(5) and § 1226 (1995).

The trustee also asserts 28 U.S.C. § 586 in support of his position that direct payments are not allowed. However, the Eighth Circuit Court of Appeals in *In re Wagner,* held that an interpretation allowing direct payments to impaired secured creditors was not inconsistent with 28 U.S.C. § 586, which provides that fees are due to the trustee on "all payments *received by such individual [the trustee]* under the plan...." *In re Wagner,* 36 F.3d at 727; 28 U.S.C. § 586(e)(2) (1995). Again, I agree with the court in *In re Wagner.* The trustee fee scheme developed by Congress and set forth at 28 U.S.C. § 586 expressly contemplates payment of trustee fees only on those monies actually received by the trustee. Thus nonpayment of trustee fees on payments made directly by the debtor is not prohibited by 28 U.S.C. § 586.

 In support of his position that direct payments are prohibited, the trustee in this case also cites § 1222(a) and § 326(b) of the Bankruptcy Code. I conclude that these Code sections are irrelevant to the matter before the court. The trustee in this case is a standing trustee. Section 326(b) prohibits a court from compensating a standing trustee. 11 U.S.C. § 326(b) (1995). However, this prohibition does not infer a mandatory right to compensation under 28 U.S.C. § 586. Section 1222(a) provides for the submission of income of the debtor to the supervision and control of the trustee "as is necessary for execution of the plan." 11 U.S.C. § 1222(a) (1995). Where a plan provides for direct payments to be made by the debtor, submission to the trustee of the portion of income to be paid directly is not "necessary" to execute the plan, because the plan expressly contemplates execution of these payments by the debtor.

 I conclude, as a matter of law, based on *In re Wagner,* that nothing in the Bankruptcy Code or Title 28 requires a debtor to make payments through the office of the Chapter 12 trustee, and that the trustee is not entitled to compensation on direct payments. This conclusion is not only consistent with the holding of the Eighth Circuit Court of Appeals in *In re Wagner,* it is also consistent with previous holdings of this court. *See e.g. Matter of Harris,* 107 B.R. 204 (Bankr.D.Neb.1989); *Matter of Kosmicki,* 161 B.R. 828 (Bankr.D.Neb.1993). Indeed, my previous decisions appear to be more narrow than the holding of *In re Wagner.*

 However, I conclude that under § 105, I have the authority to issue an order that is necessary to carry out the provisions of the Bankruptcy Code, including those provisions dealing with the compensation and duties of trustees. It is clear under the Bankruptcy Code that Congress intended that the Chapter 12 trustee would play a meaningful role in Chapter 12 cases, and that the expenses of administering the office of the Chapter 12 trustee be funded through fees assessed in Chapter 12 cases. Therefore, debtors should not be allowed to routinely make all payments directly. Allowing debtors to make all payments directly would impair the ability of the Chapter 12 trustee to perform its statutory duties, and frustrate Congressional intent.

Section 586 of Title 28 of the United States Code sets forth numerous statutory duties of the trustee. These duties include monitoring payments made under plans of reorganization. Normally where payments are not made as proposed under a plan, the trustee is in a position to observe this and immediately file a motion to dismiss the case or take other corrective action. The trustee may also object to discharge on the ground that payments have not been made as proposed. However, if debtors are allowed to make all payments directly under a plan, the trustee is not in a favorable position to monitor payments being made under the plan, or to determine whether disposable income is being paid to creditors, as is required for con-

firmation. Total nonparticipation by the trustee would often leave cases dependent upon the diligence of creditors with claims so small that they do not properly pursue their rights. For example, unsecured creditors in Chapter 12 cases are typically unrepresented by counsel and are unsophisticated in bankruptcy rule procedures. Therefore, the court should facilitate meaningful participation by the Chapter 12 trustee in Chapter 12 cases.

In addition, the receipt of fees is necessary to meet the staffing and overhead costs of the trustee's office. Under 28 U.S.C. § 586, a trustee is not entitled to be paid a fee from payments made directly to creditors. Thus, if bankruptcy courts permitted all payments in Chapter 12 cases to be made directly, the trustee's office would be deprived of its main source of revenue and would be unable to meet its costs and expenses. In order to assure that these problems do not occur, I conclude that bankruptcy judges have the discretion and power, pursuant to § 105 of the Bankruptcy Code, to require payments to be made through the office of the Chapter 12 trustee, and should exercise this discretion where necessary to prevent abuse.

■■■ Although I conclude, as a general matter, that the court under § 105 should require all payments to unsecured creditors to be made through the office of the Chapter 12 standing trustee, there may well be exceptions. However, all unsecured creditors must be paid the same way, either directly or through the trustee's office to preclude discriminatory treatment. *Matter of Harris,* 107 B.R. 204, 205 (Bankr.D.Neb.1989) (citations omitted); *Matter of Foster,* 670 F.2d 478 (5th Cir.1982); *In re Dziedzic,* 9 B.R. 424 (Bankr.S.D.Tex.1981). As to secured creditors, the proper result is less clear. Creditors holding liens in property of the bankruptcy estate are usually commercial enterprises represented by counsel so there is not always the same need for trustee monitoring of payments. There are several instances in which I have previously held that payments may be made by a Chapter 12 debtor directly to creditors, such as where imposition of trustee's fees would result in a taking of collateral, or where the creditors involved are low in number, are sophisticated, and are able to effectively monitor payments by the debtor. *See Matter of Wells,* BK94–40339 (Bankr.D.Neb.1994); *Matter of Harris,* 107 B.R. 204, 207 (Bankr.D.Neb.1989). On the other hand, in a complex Chapter 12 case with many secured and unsecured creditors, orderly administration and monitoring of the case will be facilitated if all payments are made through the office of the Chapter 12 trustee.

■■■ The plan of reorganization currently before the court provides that payments to unsecured creditors will be made through the office of the Chapter 12 trustee. Therefore, the only issue before the court is whether payments to secured creditors in this case should be required to be made through the trustee's office. I conclude that, under the facts of this case, payments to secured creditors should not be required to be made through the office of the trustee. There are only three creditors in this case, two of which are governmental subdivisions who are sophisticated creditors with fully secured claims. The third creditor is the FmHA, which is also a sophisticated creditor. None of the secured creditors have objected to direct payment of their claims. Given the small number of creditors involved, the sophistication of such creditors, and the lack of objection by a creditor, I conclude that direct payments to secured creditors should be allowed. Finally, the FmHA has not objected to the fact that the plan bifurcates payment to FmHA with its secured claim paid directly by debtor and its unsecured claim paid through the trustee. Therefore, I do not consider whether such treatment is objectionable.

IT IS THEREFORE ORDERED, that the Objections of the trustee to the Second Amendment to Chapter 12 Plan proposed by the debtors (Fils. # 43 and # 44) are overruled. The Plan will be confirmed by separate order.