**In re Cecil Joe JENNINGS, Debtor.**

**Bankruptcy No. 95–50249.**

United States Bankruptcy Court,
W.D. Missouri.

Dec. 29, 1995.

Richard V. Fink, Kansas City, MO, for Trustee.

Robert Cowherd, Chapman, Cowherd & Turner, Chillicothe, MO, for Debtor.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The Chapter 12 Trustee (the "trustee") objects to confirmation of debtor's Chapter 12 plan on the grounds that the plan permits the debtor to make direct payments to impaired secured creditors. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that a Chapter 12 debtor may make direct payments to impaired secured creditors if the plan so provides.

■ Debtor filed a Chapter 12 bankruptcy petition on May 22, 1995, and filed a Chapter 12 Plan of Reorganization (the "plan") on June 22, 1995. Debtor's plan proposes to pay the claims of Class II and Class V directly and the claims of Class III, Class IV, and Class VI through the trustee. Class II contains the secured claim of Raymond Davis in the amount of $6,437.00. The plan proposes to pay Mr. Davis's claim over ten years with interest at the rate of eight percent per annum in annual installments of $959.30. The claim is impaired. The trustee objects to this treatment, arguing that he is foregoing a fee of $95.30. Mr. Davis has not objected to his treatment under the plan.

Class V contains the secured claim of the Rural Economic and Community Development Agency, formerly known as Farmers Home Administration, (the "RECD"). The plan proposes to pay RECD's claim in the amount of $15,425.00 over fifteen years with interest at the rate of seven percent per annum in annual installments of $1,693.58. The trustee objects to this treatment arguing that he is foregoing a fee of $169.36. RECD has not objected to its treatment under the plan.

The plan proposes to pay the Class III claim of RECD in the amount of $13,563.00 over thirty years with interest at the rate of five percent per annum in annual installments of $882.29. This claim will be paid through the trustee and will generate trustee's fees of $88.23. The plan proposes to pay the Class IV claim of RECD in the amount of

$5,900.00 over thirty years at the rate of five percent per annum in annual installments of $383.80. This claim will be paid through the trustee and will generate trustee's fees of $38.38. The plan proposes to pay the unsecured claims contained in Class VI at a minimum of $50.00 a year. The claim will be paid through the trustee and will generate trustee's fees of $5.00.

The trustee states that the fees generated by the plan as proposed total $146.23 per year. If all the payments to impaired secured creditors are made through the trustee, the fees generated by the plan would total $441.40 per year. The trustee states in his objection that it is unreasonable to expect the Chapter 12 trustee to operate and perform all of his statutorily prescribed duties if plans such as this are confirmed. The trustee also points out that the cash flow projections in debtor's plan would allow for trustee fees in the amount of $441.40, the fees that would be generated if all of the payments were made through the trustee. The trustee claims that allowing debtors to pay impaired secured claims directly violates the spirit and intent of Congress in establishing the trustee system. The trustee's position, however, is undermined by the Eight Circuit's holding in *Wagner v. Armstrong (In re Wagner)*, 36 F.3d 723 (8th Cir.1994). There, the Court rejected the same argument made by Armstrong, the Chapter 12 Trustee. The Court held as follows:

> Armstrong argues that the bankruptcy code precludes Chapter 12 plans from allowing debtors to make direct payments to impaired secured creditors. We disagree. In our view, the code does not prohibit plan provisions of this sort. Section 1226 governs payments made pursuant to a Chapter 12 bankruptcy plan. 11 U.S.C. § 1226 (1988). Under this section, the trustee is required to make payments to

creditors under the plan "[e]xcept as otherwise provided in the plan or in the order confirming the plan." *Id.* § 1226(c). Moreover Section 1225, which sets out the requirements for a Chapter 12 plan, in addressing the treatment of secured claims refers to "property to be distributed by the trustee or the debtor under the plan." *Id.* § 1225(a)(5)(B)(ii). When these two sections are read in conjunction, it becomes clear that the codes does not forbid plan provisions allowing direct payments by the debtor to impaired secured creditors.

As pointed out by the Eighth Circuit, Chapter 12, unlike Chapter 13 presumes that secured claims may be paid outside the Plan. Section 1225(a)(5)(B)(ii) provides as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> .    .    .    .    .
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
> .    .    .    .    .
>
> (B)(ii) the value, as of the effective date of the plan, of property to be distributed by the trustee *or the debtor* under the plan on account of such claim is not less than the allowed amount of such claim.

11 U.S.C. § 1225(a)(5)(B)(ii) (emphasis added). This provision is in marked contrast to a comparable provision in Chapter 13. *See* 11 U.S.C. § 1325(a)(5)(B)(ii).[1] There is no reference in section 1325 to distributions by the debtor, despite the fact that Chapter 12 was modeled on Chapter 13 and there are many identical provisions. *Wagner*, 36 F.3d at 724 (noting that with some exceptions, Chapter 12 is modeled after Chapter 13). *See also Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir.1994); *Foulston v.*

---

1. Section 1325(a)(5)(B)(ii) provides:
   [T]he court shall confirm a plan if—

   .    .    .    .    .

   (5) with respect to each allowed secured claim provided for by the plan—

   .    .    .    .    .

   (b)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

11 U.S.C. § 1325(a)(5)(B)(ii).

I note that one Court held that Chapter 13 debtors could also make direct payments for impaired secured claims if the plan so provides. *In re Slaughter*, 188 B.R. 29, 32 (Bankr.D.N.D. 1995). Because of the differences between section 1335 and section 1225, nothing in this Opinion is intended to apply to Chapter 13 cases.

*BDT Farms, Inc (In re BDT Farms, Inc.),* 21 F.3d 1019, 1022 n. 4 (10th Cir.1994). Congress, therefore, sought to distinguish Chapter 12 debtors from Chapter 13 debtors and assumed Chapter 12 debtors would be making payments directly to impaired secured creditors. 5 Lawrence P. King et al., *Collier on Bankruptcy* ¶ 1226.01 at 1226–5 (15th ed. 1995).

The trustee concedes that *Wagner* does not prohibit direct payments to impaired secured creditors, or require all payments be made through the Chapter 12 trustee. In fact, the Code so provides. 11 U.S.C. § 1226(c). He does, however, argue that since the Chapter 12 trustee in *Wagner* did not object to direct payments to impaired secured creditors until after the plan had been confirmed, *Wagner* only stands for the premise that the Eighth Circuit will affirm a contractual agreement between the parties. Fredrich J. Cruse, *Does the Case Really Say That? Or, Can Bad Facts Ever Make Good Law?*, 11 NAB Talk No. 3 26 (1995). But the *Wagner* Court did more than affirm a contractual agreement when it held firmly that "the bankruptcy code does not prohibit plan provisions allowing direct payments by Chapter 12 debtors to their impaired secured creditors." 36 F.3d at 727. Such language gives this Court no grounds for denying confirmation of a Chapter 12 plan that provides for direct payments to impaired secured creditors.

■ Once it is determined that impaired secured claims need not be paid through the Plan, it follows that the Trustee may collect no fee on such payments made by the debtor. The legislative history of the provision of the United States Code which sets forth the percentage fee structure for standing trustees, supports the position that the trustee is entitled to no fees for disbursements made directly by debtors to impaired creditors.

*Wagner,* 36 F.3d at 727; 28 U.S.C. § 586(e). Prior to 1986 section 586(e)(2) read as follows:

> Such individual [the trustee] shall collect such percentage fee from all payments under plans in cases under chapter 13 of title 11 for which such individual serves as standing trustee.

28 U.S.C. § 586(e)(2). Subsection (e) was amended by section 113(c) of the Family Farmer Bankruptcy Act of 1986. Editor's Comment, 28 U.S.C. § 586(e). Pub.L. No. 99–554, 100 Stat. 3124. Following the amendment, the same section reads in relevant part, "[s]uch individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee." 28 U.S.C. § 586(e)(2). The Eighth Circuit found that section 586(e)(2) "means what it says and requires trustee's fees only on those payments 'received by' the trustee." *Wagner,* 36 F.3d at 728.[2]

■ The trustee points out that he cannot operate and perform his statutorily prescribed duties if debtors have the ability to confirm plans which make payments directly in order to avoid the statutorily imposed trustee fees. *See* 28 U.S.C. § 586(e)(1)(B)(ii). A Chapter 12 trustee is required to perform the following tasks in the administration of estates under Chapter 12: (1) account for property received; (2) ensure that debtor makes timely payments; (3) examine proofs of claim; (4) oversee the discharge of the debtor; (5) make a final report and accounting; (6) appear at hearings; and (7) any other services required by the debtor or the Court. *Michel v. Beard (In re Beard),* 45 F.3d 113, 118 (6th Cir.1995); 11 U.S.C. § 1202.

I am certainly sympathetic to the Trustee's position. However, *Wagner* correctly

---

2. I note that a recent bankruptcy court decision found that, while the Chapter 12 trustee is entitled to no fees on payments made directly to creditors by the debtor, a bankruptcy judge could use the equitable powers in 11 U.S.C. § 105(a) to require debtors to make all payments through the Chapter 12 trustee in a complicated case which requires a great deal of monitoring by the trustee. *In re Cross,* 182 B.R. 42, 44–45 (Bankr. D.Neb.1995). In the *Cross* bankruptcy case, however, as in the case at hand, there were few unsecured creditors, and only three sophisticated secured creditors, each of whom was represented by counsel. *Id.* at 45. The court, therefore, refused to use section 105(a) powers to deny confirmation of a plan which made direct payments to secured creditors. *Id.*

finds that Congress intended otherwise, and expressed so clearly. Given the current statutory framework, if the standing trustee is unable to continue, which would be most unfortunate, other arrangements are possible. For example, he or someone else could be separately appointed as trustee in each Chapter 12 case, pursuant to section 1202 of the Code. That person could be compensated for trustee work under section 326, but could also perhaps be appointed as attorney to the trustee under section 327, and compensated separately for attorney services under section 330. Certainly the work a trustee does in reviewing plans, objecting to confirmation, objecting to claims, bringing actions to recover disposable income, and similar work could be attorney services which are so compensable.

For now, an Order will be entered confirming debtor's Plan and overruling the objection of the Trustee.