**In the Matter of Gordon and Gladys CROSS, Debtors.**

**Bankruptcy No. BK94–40250.**

United States Bankruptcy Court, D. Nebraska.

April 24, 1996.

Richard A. Birch, North Platte, NE, for Debtors.

Richard K. Lydick, Chapter 12 Trustee, Omaha, NE.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court on the Chapter 12 standing trustee's motion for compensation and the objection by the debtors. I conclude that 11 U.S.C. § 326(b) prohibits

the court from awarding compensation to the standing Chapter 12 trustee and that 11 U.S.C. § 105 provides no authority for such an award.

The debtors' Chapter 12 plan, as amended, was confirmed on June 23, 1995. The plan provides for debtors to make payments directly to plan creditors, and not through the office of the Chapter 12 trustee. In confirming the Chapter 12 plan over the objections of the Chapter 12 trustee, I ruled that: (1) direct payments to creditors were permissible; and (2) the Chapter 12 trustee was not entitled to be paid a statutory percentage fee under 28 U.S.C. § 586 on payments made to creditors directly by the debtors. The Chapter 12 trustee appealed this order to the United States District Court for the District of Nebraska. The district court affirmed my ruling. The Chapter 12 trustee further appealed to the Eighth Circuit Court of Appeals, but subsequently dismissed the appeal.

The Chapter 12 trustee's unfortunate position is, now, that the trustee has performed significant and substantial services in connection with this Chapter 12 case, but will not receive any compensation on the direct plan payments made pursuant to the confirmed plan. Furthermore, under the terms of the confirmed plan, it is possible that the trustee will not receive any trustee fees through Chapter 12 plan payments for the duration of the plan.[1] The trustee asserts that the court should award trustee compensation for services and reimbursement of expenses under authority of 11 U.S.C. § 105.

■ I conclude that the bankruptcy court has no authority to grant compensation to the Chapter 12 trustee under section 105. The trustee's argument that the court has authority to reasonably compensate the trustee for services rendered and expenses incurred in connection with the case is rebutted by the express language of section 326(b). In relevant part, section 326(b) provides:

> (b) In a case under chapter 12 or 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States trustee or of a standing trustee appointed under section 586(b) of title 28, but may allow reasonable compensation under section 330 of this title of a trustee appointed under section 1202(a) or 1302(a) of this title for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan.

11 U.S.C. § 326(b). Under this carefully drawn statutory compensation scheme, a standing Chapter 12 trustee is to be compensated only as provided in 28 U.S.C. § 586. Under 11 U.S.C. § 326(b), the bankruptcy court simply has no authority or power to award reasonable compensation to the standing trustee for services rendered and expenses incurred.

■ The trustee asserts that, under the general authority given bankruptcy courts under 11 U.S.C. § 105[2], the bankruptcy court may allow trustee compensation in this case. I disagree. Section 105 does not allow the court to circumvent the provisions of section 326, rather, the authority of the bankruptcy court under section 105 is limited to orders which carry out the substantive provisions of other sections of the Bankruptcy Code. I conclude that the court may not utilize section 105 as general authority to issue any order which contradicts or circumvents section 326(b).

■ The trustee cites, for support, language from my previous opinion in this case regarding confirmation of the plan:

---

1. The debtors' confirmed Chapter 12 plan generally provides that the debtors will submit all disposable income during the plan period to the trustee for distribution to unsecured claim holders. Further, the plan provides that all payments to holders of secured and priority claims shall be made directly (and without a trustee fee) by debtors to such creditors. Only payments to unsecured creditors, which are made from debtors' disposable income under paragraph 6 of Article X of the plan, shall be paid through the

trustee. If there is no disposable income available for payment to the trustee, the trustee will not receive a trustee fee in this case.

2. In relevant part, section 105 states:

   (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title....

   11 U.S.C. § 105(a).

However, I conclude that under § 105, I have the authority to issue an order that is necessary to carry out the provisions of the Bankruptcy Code, including those provisions dealing with the compensation and duties of trustees. It is clear under the Bankruptcy Code that Congress intended that the Chapter 12 trustee would play a meaningful role in Chapter 12 cases, and that the expenses of administering the office of the Chapter 12 trustee be funded through fees assessed in Chapter 12 cases. Therefore, debtors should not be allowed to routinely make all payments directly. Allowing debtors to make all payments directly would impair the ability of the Chapter 12 trustee to perform its statutory duties, and frustrate Congressional intent.

*In re Cross,* 182 B.R. 42, 44 (Bankr.D.Neb. 1995). This paragraph was intended to explain my use of the authority under section 105 to prevent Chapter 12 debtors from making all payments directly and outside the office of the Chapter 12 trustee. On appeal of that decision, the district court ruled that the bankruptcy court's use of section 105 did not impermissibly breach the prohibition on altering trustee compensation set forth in section 326(b).

Section 326(b) prohibits a court from allowing compensation for a standing trustee in a Chapter 12 or 13 case other than in conformance with Section 586. . . . I conclude, however, that the decision to allow direct payments is not a decision to vary the trustee's compensation, *which is prohibited by Section 326(b).*

.      .      .      .      .

The trustee is correct when he argues that Section 105 does not provide substantive rights not contained in the Code. However, in concluding that it has the authority under Section 105 to permit or prohibit debtors making direct payments, the court is actually implementing the Code's provisions and not adding to them.

*Lydick v. Cross,* No. 4:CV95–3217, at 5–6 (D.Neb. filed Nov. 9, 1995) (citations omitted) (emphasis added). Section 105 thus provides authority for the bankruptcy court to permit or prohibit debtors from making direct payments and such an order does not violate section 326(b)'s prohibition on awarding Chapter 12 trustee fees. In the case now before me, the trustee, who is not entitled to any compensation under 28 U.S.C. § 586, requests an order under section 105 allowing compensation. Such an order is in direct contravention of 28 U.S.C. § 586 and is prohibited by section 326(b).

The trustee makes the appealing equitable argument that compensation should be allowed in this particular Chapter 12 case because the trustee has incurred substantial expenses, including travel expenses, in connection with the administration of the case, and that under the terms of the chapter 12 plan and under 28 U.S.C. § 586, the trustee may not receive any compensation whatsoever because payments in this case will not be made through the office of the Chapter 12 trustee. This argument is without legal merit.

Congress could have adopted a compensation scheme by which the Chapter 12 standing trustee's reasonable fees and expenses were assessed against individual Chapter 12 cases based upon the costs and expenses attributable to each particular case. Congress elected not to adopt such an approach. Congress did the opposite by adopting a simplified scheme in which the Chapter 12 trustee is paid a percentage of all payments made through its office.

Under the compensation scheme adopted by Congress, it is a virtual certainty that in some Chapter 12 cases, as where large payments are made to a few creditors, the statutory percentage fee compensation to the trustee will exceed the actual costs and expenses incurred by the Chapter 12 trustee with respect to that case. On the other hand, it is also reasonable to expect that there are cases, like the one now before the court, where the value of the trustee's services will exceed the compensation to be received by the trustee from the particular case. Congress necessarily decided not to focus on the actual costs and expenses incurred in an individual case, and opted, instead, for the simple formula approach by which a percentage fee is applied to payments made in all cases. The money that is received from all cases is pooled and used to

pay the Chapter 12 trustee's expenses. I do not believe I have authority under section 105 to circumvent this carefully drawn statutory scheme by assessing costs and fees on a case-by-case basis as requested by the trustee.

I therefore conclude that the trustee's motion for compensation is denied.