**In re Randy G. LESLIE, Debtor.**

**No. 04–38416–SAF–13.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Dec. 13, 2004.

**110**

---

Howard Marc Spector, Howard Marc Spector, Dallas, TX, Counsel for Debtor.

Areya E. Holder, Office of the Standing Chapter 13 Trustee, Irving, TX, Counsel for Thomas D. Powers, Standing Chapter 13 Trustee.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

On August 2, 2004, Randy Leslie filed a petition for relief under Chapter 13 of the Bankruptcy Code. On August 17, 2004, Leslie filed his preliminary Chapter 13 plan. In his preliminary plan, Leslie proposed to restructure a debt to Prosperity Bank, while making monthly payments direct to the bank. In effect, Leslie's preliminary plan would make him the disbursing agent to the bank. On October 8, 2004, Thomas Powers, the Standing Chapter 13 trustee, filed an objection to the preliminary plan. The trustee contends that Leslie has no authority to act as his own disbursing agent and make pre-confirmation distributions to creditors. Leslie responds that the Bankruptcy Code allows a debtor to act as a disbursing agent in a Chapter 13 case. Leslie further argues that the trustee's objection is not ripe for consideration prior to a confirmation hearing. This court conducted an evidentiary hearing on the trustee's objection on November 12, 2004.

Leslie owns and operates an industrial business park located in Hutchins, Texas. His preliminary Chapter 13 plan consists of payments on a condominium, a shopping center, real estate taxes, and unsecured debt. Prosperity Bank holds a lien on the shopping center in the approximate amount of $410,000. The plan proposes to restructure the debt to Prosperity Bank, with Leslie paying the plan payment directly to the bank instead of through plan payments to the trustee. The plan states:

> Prosperity Bank will retain its lien on its collateral and receive a new secured note bearing interest at the rate of 4.5% per annum, compounded monthly, payable directly by the Debtor. Principal payments shall be made commencing forty-five(45) days following the filing of the petition in this case (September 16, 2004) and thereafter on the same day of each successive month in the amount of $4,500 per month for a term of 58 months (through June 16, 2009), with a

final balloon payment due on July 16, 2009 in the amount of $218,456.68.

Leslie filed a motion to use the bank's cash collateral. By order entered October 19, 2004, the court authorized Leslie to use the cash collateral provided that Leslie makes adequate protection payments of $4,000 per month to the bank. Leslie is making that payment directly to the bank. Pursuant to General Order 98–4, on August 17, 2004, Leslie authorized the distribution prior to confirmation of plan payments. Leslie authorized the trustee to distribute funds to several creditors and to pay administrative .expenses, except that the debtor provided he would make the bank payment.

The trustee objects to Leslie acting as disbursing agent, making pre-confirmation adequate protection payments directly to the bank. The trustee asserts that direct payments violate 11 U.S.C. § 1326(b) and (c), and deprive the trustee of administrative expenses. Leslie responds that the Bankruptcy Code permits the debtor to act as a disbursing agent. Leslie maintains that the issue is a plan confirmation matter, making consideration of the trustee's objection premature.

 The resolution of this matter turns on the reading of the Bankruptcy Code. Construction of the Code is a holistic endeavor. *United Savings Ass'n. Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the Code as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The court must avoid readings of the Code that create inconsistencies or contradictions. One provision of the Code cannot be read or applied to nullify another provision. Rather, each provision must be read to give meaning to all. *In the*

*Matter of Howard,* 972 F.2d 639, 640 (5th Cir.1992). Where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The Standing Chapter 13 trustee funds the administration of Chapter 13 cases by collecting an administrative expense from the debtor's plan payments. Pursuant to 28 U.S.C. § 586, the Attorney General of the United States sets the compensation of the Standing Chapter 13 Trustee and a percentage fee not to exceed ten percent for an individual debtor who is not a family farmer to fund the cost of administering the Chapter 13 cases. 28 U.S.C. § 586(e)(1). The trustee "shall collect [the fee of ten percent] from all payments received by such individual under plans in the cases under chapter ... 13 of title 11 for which such individual serves as standing trustee." 28 U.S.C. § 586(e)(2).

Section 1326(a)(1) of the Bankruptcy Code provides that, unless the court orders otherwise, the Chapter 13 debtor must begin making plan payments within thirty days after the plan is filed. The preliminary plan must be filed within fifteen days after the filing of the bankruptcy petition. The court directs that plan payments begin within forty-five days after the filing of the bankruptcy petition. General Order 98–4, ¶ 3.c. The trustee retains plan payments until either confirmation of a plan or denial of confirmation. However, to implement this court's policy to resolve claims prior to or with confirmation, the court provides that the debtor may authorize pre-confirmation distributions, thereby assuring the funding of adequate protection payments for secured creditors and the costs of administering the case, includ-

ing the trustee fees and the debtor's attorney's fees. General Order 98–4, ¶ 4.b.

Section 1326 further provides:

(b) Before or at the time of each payment made to creditors under the plan, there shall be paid—(1) any unpaid claim of the kind specified in section 507(a)(1) of this title; and (2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

11 U.S.C. § 1326.

Section 507(a)(1) directs that administrative expenses under § 503(b) have the first priority for payment. 11 U.S.C. § 507(a)(1). Section 503(b) makes the costs of preserving the bankruptcy estate administrative expenses. 11 U.S.C. § 503(b).

The fee collected by the trustee funds the administration of the trustee's office. The trustee collects plan payments, preserves the funds as property of the bankruptcy estate, and disburses the funds to creditors as directed by the debtor's plan or court order. By definition, the fee collected by the trustee constitutes an administrative expense under § 503(b). As a result, payment of the fee to the trustee constitutes a first priority distribution under § 507(a)(1) to be paid by the trustee from plan payments "before or at the time" of payment to creditors. Indeed, the Code mandates the payment of the fee before distribution of plan payments to creditors. 11 U.S.C. § 1326(b)(1) and (2).

Section 1326(b) thereby assures the payment of the costs of administering the Chapter 13 trustee's office as set by 28 U.S.C. § 586. The trustee is entitled to recover that administrative expense.

Leslie argues that the court does not enforce that requirement until it considers confirmation of the debtor's plan. However, § 1326(c) provides that the trustee, after receipt of plan payments, makes payments to creditors under the plan, "except as otherwise provided in the plan or in the order confirming the plan."

As relevant to this analysis: "the court shall confirm a plan if—(1) the plan complies with the provisions of this chapter . . ." 11 U.S.C. § 1325(a)(1).

Section 1322(a) states:

the plan shall (1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan; (2) provide for full payment in deferred cash payments, of all claims entitled to priority under section 507 of this title . . .

11 U.S.C. § 1322(a).

As noted above, the trustee must make payments to creditors under the plan, unless the plan or confirmation order provides otherwise. 11 U.S.C. § 1326(c).

■ Under these provisions, at confirmation, the court may direct that a person other than the trustee make payments to creditors. However, the plan must assure that the income to fund the plan remains under the supervision and control of the trustee and that administrative expenses are paid.

■ The court has discretion, therefore, to authorize the debtor to act as disbursing agent. *Matter of Foster*, 670 F.2d 478, 486 (5th Cir.1982); *In re Reid*, 179 B.R. 504, 507–508 (E.D.Tex.1995), aff'd, 77 F.3d 473 (5th Cir.1995). Courts have articulated criteria to consider when

the debtor requests authorization to make the disbursements. *Id., see, e.g., In re Harris,* 107 B.R. 204 (Bankr.D.Neb.1989). But, to this court, paramount consideration must be the assurance that the trustee retains supervision and control over plan funding income and is paid the costs of administration. The trustee must retain supervision and control to fulfill his fiduciary duties to the bankruptcy estate. The trustee must receive payment of the administrative fee to fund the Chapter 13 process.

■■■■ If a debtor requests authorization to make plan disbursements to a creditor, the debtor may offer proof at confirmation that he will pay, in his plan, the trustee's fee, even if the debtor makes the disbursement to the creditor. The debtor may not avoid the cost of administration by seeking to be the disbursement agent. A debtor authorized to make plan disbursements acts in the stead of the trustee. Consistent with the scheme of the Code, and giving effect to all its provisions, plan payments retained by the debtor for the debtor's distribution to creditors amounts to the functional equivalent of plan payments received by the trustee to be distributed to creditors and, therefore, subject to the fee calculation of § 586. If the debtor obtains court authorization at confirmation to make the payment, the fee of § 586 must be calculated from that payment and paid to the trustee as an administrative expense. Thus, the court holds that when a debtor obtains court authority to act as the disbursing agent, the administration expense includes the payments made by the debtor to creditors on debts restructured by a confirmed plan. The court cannot confirm a plan that does not provide for the payment of administrative expenses. Furthermore, before or at the time of payment to creditors, the trustee's fee must be paid.

■■■■ Assuming the debtor, at confirmation, can establish his ability to pay the administrative expenses, 11 U.S.C. § 1325(a)(6), the court may exercise its discretion to allow the debtor to make disbursements to a creditor. But, the debtor must assure that the trustee retains supervision and control over the funds. The debtor must negotiate a process with the trustee to assure that supervision and control. Assuming the existence of other factors supporting authorizing the debtor to act as the disbursing agent, the process may include accountings, audits, inspections, and other control mechanisms. The court would be reluctant to authorize the debtor to make disbursements to a creditor unless the trustee agrees to the supervision and control mechanism.

■■■■ Unless the case has been previously converted from another chapter of the Code, a Chapter 13 debtor may voluntarily dismiss a Chapter 13 case at any time. 11 U.S.C. § 1307(b). The trustee must assure the payment of administrative expenses considering that right. Section 1326 provides that assurance. The trustee retains plan payments. 11 U.S.C. § 1326(a)(2). Under General Order 98–4, with the debtor's authorization, the trustee pays administrative expenses and adequate protection payments prior to confirmation. Should the debtor dismiss the case prior to confirmation, the costs of administration will have been paid. *See* General Order 98–4, ¶ 4.i. The trustee makes payments to creditors under the plan after confirmation. Should the debtor dismiss the case after confirmation, the costs of administration will have been paid. If the debtor requests authorization to make disbursements under a plan to a creditor, the debtor must provide a functionally equivalent protection to the trustee.

The court need not consider how Leslie will meet this burden until the confirmation hearing. The court cannot envision, however, a scenario where it would exercise its discretion to approve the debtor acting as disbursement agent unless the trustee agrees. In turn, the court cannot envision the agreement of the trustee without assurances that the trustee will retain supervision and control of the portion of the debtor's earnings and income to fund the plan and that the trustee will be paid the administrative fee necessary to operate the trustee's office.

Leslie argues that he should be allowed to disburse payments to the bank because of his business sophistication. Leslie asserts that he will have more funds available to pay creditors if he makes the monthly payment to the bank. Prior to confirmation, Leslie must make $4,000 monthly adequate protection payments. Leslie surmises that by making the payments directly, he avoids the trustee's ten percent commission. Leslie then argues that he may use that saved commission money to pay to his unsecured creditors. Leslie misreads the Code.

As explained above, the court cannot confirm a plan that does not provide for payment of administrative expenses. Leslie cannot circumvent that requirement. The trustee is entitled to the fee as an administrative expense. The fee must be paid before or at the time of payment to the creditor. The trustee would make the payment. If Leslie obtains leave of court to make the payment, Leslie will first have to establish that he will make the fee payment to the trustee. General Order 98–4 assures that the fee will be paid when the trustee makes pre-confirmation disbursements to creditors. If Leslie seeks leave to make the disbursements directly pre-confirmation, he must meet the same burden.

Leslie has not met that burden. Leslie has not provided any compelling or exigent circumstances to support court authorization to make payments directly to the bank. Leslie proposes to use the Chapter 13 process to restructure the bank debt. Leslie must make adequate protection payments to the bank prior to confirmation of the plan. General Order 98–4 provides a mechanism to accomplish that task, while the debtor makes plan payments as mandated by § 1326. Under General Order 98–4, ¶ 4.a, Leslie has authorized pre-confirmation distributions, but has provided that the distribution to the bank would be made directly by Leslie. Having voluntarily submitted himself to the Chapter 13 process, Leslie cannot avoid the administrative costs of the process. *See Reid,* 179 B.R. at 506. Leslie offered no evidence that he could pay the fee at confirmation. Leslie has presented no evidence that the fee would be paid should Leslie elect to voluntarily dismiss the case. The court recognizes Leslie's business acumen. The court also recognizes that the commercial property involved in this case differs from the more typical consumer Chapter 13 case. Yet, Leslie has not offered evidence of how the trustee will perform his function of supervising and controlling earnings and income payments to fund a plan, let alone collect the costs of administering the Chapter 13 process. Leslie could have chosen to reorganize his debts under Chapter 11 of the Code by becoming a debtor in possession responsible for administration of the case. While that process has its own costs, Leslie did have an alternative method to reorganize his debts.

Based on the foregoing,

**IT IS ORDERED** that, pursuant to 11 U.S.C. § 1326 and General Order 98–4, the debtor, Randy Leslie, shall make all plan payments to the Standing Chapter 13 trus-

tee, who shall make disbursements pursuant to the debtor's pre-confirmation authorization and the court's order entered October 19, 2004; without prejudice to consideration of the debtor's proposed Chapter 13 plan at confirmation.